[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17270
Non-Argument Calendar
_____

D.C. Docket No. 2:04-cr-14027-KAM-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

IVORY CHARLES BRINSON,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 14, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Ivory Charles Brinson appeals his life term of supervised release, less 14 months, imposed after the revocation of his original supervised release, 18 U.S.C. § 3583(e)(3), (h), because he tested positive for marijuana use. Brinson argues that his life term of supervised release is procedurally unreasonable because the district court impermissibly relied on the commutation of his original sentence to the exclusion of the statutory sentencing factors, *id.* § 3553(a). Brinson also argues that his new term of supervised release is substantively unreasonable. We affirm.

We review the reasonableness of a sentence imposed after the revocation of supervised release for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). If a defendant violates a condition of his supervised release, the district court may revoke his supervised release, impose a prison term, and impose a new term of supervised release. 18 U.S.C. § 3583(e)(3), (h).

In reviewing the reasonableness of a sentence, we follow a two-step process. *Trailer*, 827 F.3d at 935. First, we ensure that the sentence was procedurally reasonable by reviewing whether the district court miscalculated the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the statutory sentencing factors, based the sentence on clearly erroneous facts, or failed to adequately explain the sentence. *Id.* at 936; *see also* 18 U.S.C. § 3583(c). The

2

district court is not required to give a lengthy explanation of its reasons for rejecting a defendant's arguments, but must set forth enough explanation to show that the court considered the parties' arguments and had a reasoned basis for its decision. *Rita v. United States*, 551 U.S. 338, 356–57 (2007). And a failure to state that the court considered the statutory sentencing factors does not render a sentence procedurally unreasonable, if the record otherwise reflects that the court considered the factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). Second, we examine whether the sentence was substantively reasonable in the light of the statutory sentencing factors. *Trailer*, 827 F.3d at 936. Although we will not substitute our judgment in weighing the relevant factors, a court can abuse its discretion when it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor significant weight, or commits a clear error of judgment by balancing the factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

The district court did not abuse its discretion in imposing a life term, less 14 months, of supervised release. *Trailer*, 827 F.3d at 936. The sentence is procedurally reasonable because the district court considered the statutory sentencing factors and the parties' arguments and did not impermissibly consider Brinson's commutation to the exclusion of other relevant aspects of his background and history.  The sentence is substantively reasonable because the

3

district court did not fail to consider any factor due significant weight, give an improper factor significant weight, or unjustifiably rely on one of the factors to the exclusion of the others.  The district court committed no clear error in judgment when it gave significant weight to Brinson's extensive criminal history and likelihood of recidivism. We affirm.

**AFFIRMED.**