[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10328
Non-Argument Calendar
_____

D.C. Docket No. 2:04-cr-14027-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVORY CHARLES BRINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 4, 2019)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Ivory Charles Brinson, a federal prisoner, appeals his sentence of 27 months of imprisonment and supervised release for life following the third revocation of his supervised release. Brinson argues that his sentence is procedurally and substantively unreasonable. We affirm.

Brinson's sentence is procedurally reasonable. The district court correctly calculated that Brinson had an advisory guidelines range of 21 to 27 months of imprisonment for violating four conditions of his supervised release. Brinson argues that the district court ignored his request for a sentence at the low end of his sentencing range based on his health and age, but the district court "carefully considered the statements of all parties" in fashioning an appropriate sentence. The district court also provided a reasoned basis for its decision to sentence Brinson at the high end of his sentencing range and to reimpose a term of supervised release for life. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). The district court stated that its sentence was based on "the information contained in the violation report" and Brinson's history of having violated the terms of his supervised release less than six months after receiving a grant of executive clemency and of reoffending a few months after serving an additional 14 months in prison.

Brinson's sentence also is substantively reasonable. While on supervised release, Brinson tested positive four times for using marijuana. After his fourth

2

violation, he served a term of imprisonment, which failed to deter him from unlawfully possessing and using marijuana on four more occasions, submitting a urine specimen that tested positive for cocaine, and using cocaine and possessing drug paraphernalia while associating with drug dealers. Brinson even violated the law while on bond by using marijuana after leaving an inpatient drug facility on the false pretense of seeking treatment for heart issues. The district court reasonably determined that a within-guidelines sentence of 27 months of imprisonment followed by a life term of supervised release was required to punish Brinson for his refusal to comply with and disrespect for the law, to deter future similar crimes, and to provide treatment for his drug and alcohol addictions. *See* 18 U.S.C. § 3553; *United States v. Brinson*, 693 F. App'x 858, 859 (11th Cir. 2017) (affirming supervised release for life following first revocation). And the decision to weigh heavily Brinson's criminal history was "entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015). The district court did not abuse its discretion.

We **AFFIRM** Brinson's sentence.

3