[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13176
Non-Argument Calendar
_____

D.C. Docket No. 9:06-cr-80188-RLR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PASQUALINO FALCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 1, 2018)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Pasqualino Falco appeals his 12-month-and-1-day sentence for violating the terms of his supervised release, which was imposed on his conviction for carjacking, in violation of 18 U.S.C. §§ 2119 and 2, and brandishing a weapon, in violation of 18 U.S.C. § 924(c)(1)(A).  He argues that the district court imposed a substantively unreasonable sentence because it overlooked the rehabilitative purpose of supervised release when weighing the factors at 18 U.S.C. § 3553(a).

We review the sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir. 2016).  The party challenging the sentence bears the burden of showing it is unreasonable.  *Id.*

If a defendant violates a condition of his supervised release, the district court may revoke a defendant's supervised release and impose a prison term.  18 U.S.C. § 3583(e)(3).  When revoking a term of supervised release, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."  U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b).  The district court must consider the following § 3553(a) factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for

2

deterrence, protection of the public, and rehabilitation; (3) the guideline range and the kinds of sentences available; (4) any pertinent policy statements; (5) the need to avoid sentencing disparities; and (6) the need to provide restitution to any victims. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), & (a)(4)-(7).

The court may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The weight given to any specific factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will sometimes "affirm the district court even though we would have gone the other way had it been our call." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation omitted). However, a district court abuses its discretion when it (1) does not consider significant, relevant factors, (2) gives an improper or irrelevant factor significant weight, or (3) unreasonably balances proper factors such that there is a clear error of judgment. *Id*.

Although we do not presume that a sentence within the advisory guideline range is reasonable, we "ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotations omitted).

Here, the district court acknowledged Falco's efforts to rehabilitate himself, including seeking stable housing, a stable job, and outpatient drug treatment. However, the court determined that, because Falco (1) committed eight violations of the terms of his supervised release within six months, (2) tested positive for drug use (which the judge deemed particularly serious given his violent criminal history), and (3) failed to report to his probation officer, the interests of deterring future violations, protecting the public, and promoting respect for the law demanded a sentence in the middle of the guideline range. Although Falco argues that the court erred in placing more weight on these punitive factors than the rehabilitative interest, the court had the discretion to assign such weights. *See Clay*, 483 F.3d at 743. The court did not abuse that discretion because, although the purpose of supervised release itself may be rehabilitative, the purpose of revocation is to sanction the defendant's breach of trust. *See* U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b). The reasonableness of the sentence is further supported because it is within the guidelines range. *See Hunt*, 526 F.3d at 746. Accordingly, the district court did not abuse its discretion and the sentence was substantively reasonable.

**AFFIRMED.**