[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11427
Non-Argument Calendar
_____

D.C. Docket No. 6:19-cr-00206-WWB-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON ARICE SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 16, 2020)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

In 2013, Jason Smith got married and bought a house with his wife. The couple divided up responsibilities to pay the bills—she would pay the utilities and he would pay the mortgage. But nine months later, without telling his wife, Smith stopped making the mortgage payments. After months of missed payments, the bank began foreclosure proceedings on the house. Smith hid these too from his wife—going so far as changing the mailing address that their mortgage servicer used to contact them, blocking the mortgage company's telephone number on his wife's phone, forging a letter granting himself access to the mortgage records, and removing his wife's cell phone number from the records.

In the following months, to delay foreclosure, Smith twice filed fraudulent bankruptcy petitions in his wife's name—again without her knowledge or consent. He managed to initiate these proceedings without his wife by lying to his attorneys—telling one that his wife was hospitalized with terminal brain cancer, and another that she was too busy to come to the office to sign papers. Smith's wife eventually uncovered his deceit and the two divorced a few months later. She was left with "countless collection notices" and a ruined credit score. She was forced to find a second job to provide for their 3-year-old daughter and incurred thousands in attorney's fees trying to remove the fraudulent bankruptcy cases from her record.

2

Smith pleaded guilty to two counts of bankruptcy fraud, in violation of 18 U.S.C. §§ 157(1), (2). The probation office advised the district court that Smith's calculated sentencing guidelines range was 4 to 10 months imprisonment. At sentencing, the government asked the court to impose a sentence on the higher end of that range.

The district court, though, thought that the guidelines range failed to adequately address "the seriousness of this offense." It sentenced Smith to 20 months imprisonment with 2 years of supervised release. Smith now appeals this sentence, claiming it was not substantively reasonable. We find that the district court did not abuse its discretion in imposing the sentence, so we affirm.

## II.

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a). When weighing the § 3553(a) factors, the district court "enjoys great discretion." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020). So we review the reasonableness of a sentence for abuse of discretion. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). The district court abuses its discretion when it "(1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by unreasonably balancing the proper factors." *Goldman*, 953 F.3d at 1222.

The party challenging the sentence bears the burden of establishing that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We

3

will vacate the sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (quotation omitted).

### III.

Smith argues that the 20-month sentence imposed by the district court was unreasonable because the court considered only two § 3553(a)(2) factors, unreasonably weighed those factors, and imposed a sentence double the high-end of the advisory guidelines range without a sufficiently compelling justification.

There is no merit to Smith's argument that the district court "considered only two § 3553(a) factors." Here the district court judge stated on the record that he had "gone over the factors to be considered under" § 3553(a). And the district court wasn't required to "conduct an accounting of every § 3553(a) factor" or "expound upon how each factor played a role in its sentencing decision." *See United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005).

Nor has Smith met his heavy burden showing that the district court unreasonably weighed any sentencing factors. One thing that the district court *did* need to do—since it varied from the guidelines range—was provide a justification that was "sufficiently compelling to support the degree of the variance" from the guidelines. *Gall v. United States*, 552 U.S. 38, 50 (2007). So during the sentencing colloquy, the court focused on three factors: the nature and circumstances of the offense, the need to reflect the seriousness of the offense, and

the need for deterrence.  Smith cites nothing to suggest that it is *per se* unreasonable for a district court to focus on a handful of factors in its sentencing colloquy.  Nor does he cite any evidence—other than the fact that the district court only mentioned a few factors—to support his argument that the district court placed "an unreasonable amount of weight on a few, rather than all factors."

Finally, we find no abuse of discretion in the district court's decision to exceed the guidelines range.[1]  Though Smith emphasizes that the district court *doubled* his sentence from the high-end of the guidelines range, this overstates the true magnitude of the variance.  *See Gall*, 552 U.S. at 47–48 ("deviations from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low").  Moreover, the district court sufficiently explained why such a deviation was necessary.  Smith's bankruptcy fraud scheme was highly unusual—something that the district court judge said "shocked" him and that he had "not seen" throughout his "career even when [he] was on the state court." Smith also caused substantial "financial hardship" for his ex-wife that would "last for quite some time."  And the bankruptcy fraud scheme was not a one-off event. Before his marriage, Smith was convicted of 16 counts of passing bad checks. And two years after his divorce, he was convicted of stealing and pawning thousands of dollars' worth of his new girlfriend's property, without her knowledge.  The court observed that Smith had shown an "escalating pattern of criminal conduct" and had not been deterred by lighter sentences.  Considering all

[1] We note that the district court did not exceed the statutory maximum, which was five years' imprisonment.  18 U.S.C. § 157.

5

these factors, the district court concluded that a mere ten months' imprisonment was an inadequate punishment for Smith's crime.

We agree. Given the facts of this case, we are convinced that it was reasonable for the district court to conclude that the guidelines range did not fully reflect the seriousness of the offense nor Smith's criminal history. Accordingly, we affirm the sentence.

**AFFIRMED.**