[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14583
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00251-WHA-TFM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ELIJAH TRAILER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(June 30, 2016)

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant William Trailer appeals his 18-month sentence and life term of supervised release, imposed for violating the terms of supervised release that were part of his sentence for failing to register as a sex offender.  Defendant argues that the life term of supervised release is substantively unreasonable.  After careful review, we affirm.

## I.  BACKGROUND

In 2011, Defendant was sentenced to 37 months' imprisonment and a life term of supervised release after pleading guilty to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250.  As a special condition of his supervised release, Defendant was prohibited from having contact with children under the age of 18.

Defendant's supervised release commenced in August 2014.  Just a few months later, on February 26, 2015, Defendant's probation officer filed a petition seeking revocation of his supervised release.  The petition stated that Defendant had violated the conditions of his supervised release by (1) living with his now-wife's four minor children, (2) failing to follow his probation officer's instructions to have no contact with these children, (3) committing another crime by violating Alabama's Community Notification Act, and (4) failing to answer truthfully inquiries by his probation officer related to whether he was having contact and residing with the children.

2

At the revocation hearing, Defendant admitted to the violations set forth in the petition, and the district court revoked his supervised release. The district court calculated a guideline range of 18 to 24 months' imprisonment based on a Class B violation and a criminal history category of V. Defendant requested a lenient sentence because the offense that led to his status as a sex offender had occurred decades earlier. He explained that he had violated the conditions of his supervised release out of a desire to do what was right for his wife and her children. He further asserted that a life term of supervised release was not appropriate given that he has to register as a sex offender for the rest of his life.

Emphasizing that this was not a hearing about the severity of the sex offender laws, but was instead a hearing for Defendant's violations of supervised release, the district court stated that Defendant had ignored the terms of his supervised release and lied about it to his probation officer. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to 18 months' imprisonment, to be followed by a life term of supervised release with many of the same conditions of supervised release as his original sentence. Defendant objected to the life term of supervised release as excessive, and the district court responded that it was merely continuing the term of supervised release that was previously imposed on Defendant.

3

## II.  DISCUSSION

Defendant's sole argument on appeal is that the district court's imposition of a life term of supervised release is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing and is not reasonably related to the 18 U.S.C. § 3553(a) factors.[1]

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 764 (2014); *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (reviewing a sentence imposed upon revocation of supervised release for reasonableness).  We first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors,[2] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  *Cubero*, 754

---

[1] To the extent Defendant also attempts to challenge the severity of the sex offender laws and the restrictions placed upon him for being a sex offender, this argument is not properly before this Court.

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

F.3d at 892.  Then, we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Id.*

The party challenging the sentence bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).  We will only vacate a defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted).

If a defendant violates a condition of his supervised release, the district court may revoke a defendant's supervised release and impose a prison term.  18 U.S.C. § 3583(e)(3).  The district court may also impose a new term of supervised release which "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  *Id.* § 3583(h).

In the present case, Defendant has not met his burden of showing that the district court abused its discretion by imposing a life term of supervised release. The statutorily-authorized term of supervised release for failing to register as a sex offender under 18 U.S.C. § 2250 is five years to life.  18 U.S.C. § 3583(k).  Thus,

Defendant's life term of supervised release is within the statutory range.[3] *See* 18 U.S.C. § 3583(h), (k).

The district court's imposition of a life term of supervised release is also supported by the § 3553(a) factors. In particular, the offense that led to Defendant's status as a sex offender involved sexually abusing his then-girlfriend's eight-year-old daughter. With respect to the nature of the present violations, Defendant was not only living with four children between the ages of two and nine, but he was also going to the children's elementary school on a regular basis. By doing so, he blatantly disregarded the terms of supervised release that were meant to protect against the same conduct that was the basis for his original sex-offense conviction. *See* 18 U.S.C. § 3553(a)(1). What's more, Defendant then repeatedly lied to his probation officer about violating the terms of his supervised release. As emphasized by the district court, a serious term of supervised release was also necessary to promote respect for the law and to deter the future crimes of other defendants because not doing so would send a message that defendants can

---

[3] Although not mentioned by the parties, at the time of Defendant's original sentencing for the failure to register offense, the Guidelines recommended the statutory maximum term of supervised release for a "sex offense," but were ambiguous as to whether failure to register qualified as a sex offense. *See* U.S.S.G. § 5D1.2(b) & comment. (n.1) (2010). Since then, the Guidelines have been amended and now explicitly state that failure to register is not a sex offense under U.S.S.G. § 5D1.2(b). *See id.* § 5D1.2(b) & comment. (n.1) (2014); U.S.S.G. App. C, Amend. 786 (2014). As such, the Guidelines' advisory supervised release range for failure to register is now five years. *See* 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(a), (c) & comment. (n.6) (2014).

6

disregard the terms of their supervised release and then lie about it with impunity. *See id.* § 3553(a)(2)(A), (B).

Defendant asserts that a life term of supervised release ignores the fact that he has been a law-abiding citizen for over seven years and that he chose to violate the terms of his supervised release in order to live with and take care of his wife's children. Whatever Defendant's motivation, it does not change the fact that having molested his then girlfriend's eight-year-old daughter, he was thereafter prohibited from having contact with children under the age of 18. Nor does it change the fact that Defendant's probation officer warned him several times not to have contact with his wife's minor children, and yet he continued to do so, all the while lying to the officer about his conduct.

In support of his argument, Defendant also relies on a state investigation that did not find any evidence that his wife's children had been sexually abused. The investigation also revealed, however, that the children had been coached on what to say. In fact, investigators eventually asked the children's mother to encourage the children to speak truthfully. And without getting into specifics as to what investigators learned, the investigation indicated that Defendant was involved in the children's lives in a way, and to a degree, that could give cause for concern.

We are also not persuaded by Defendant's argument that because he is already required to register as a sex offender for life, a life term of supervised

7

release is greater than necessary to accomplish the goals of sentencing. Again, a life term of supervised release is authorized by statute. *See* 18 U.S.C. § 3583(k). Moreover, Defendant's argument also completely ignores the fact that he was on supervised release in the first place because he had failed to register as a sex offender. Defendant then compounded this act of disregard for the law by choosing to live with and care for four minor children, in clear and willful violation of the terms of supervised release.

Defendant points to research showing that "sex offenders, as a group, reoffend less than other criminal offenders," as additional support for his argument that his life term of supervised release is grossly unreasonable. This research, however, does not lend credence to his argument because it does not show that *Defendant* is less likely to re-offend. Nor does it have any bearing on whether a life term of supervised release is reasonable in light of the facts and circumstances in this particular case.

As a final matter, we note that Defendant's life term of supervised release can be shortened in the future by the district court. Indeed, Defendant can petition that court for modification of the conditions of supervised release. *See* 18 U.S.C. § 3583(e)(2). He may also seek early termination of his supervised release after he has served at least one year of the term. *See id.* § 3583(e)(1). The district court may shorten the term of supervised release "if it is satisfied that such action is

8

warranted by the conduct of the defendant released and the interest of justice." *Id.* In fact, the district court acknowledged that if Defendant demonstrated a willingness to comply with the terms of supervised release, he could petition the court in the future for modification or early termination of his supervised release.

Further, a defendant is not without recourse if a district court denies a motion to terminate early (or shorten) supervised release because a defendant may appeal the district court's denial of such a motion. *See United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015) (entertaining, under an abuse of discretion standard, an appeal of the district court's denial of an offender's motion to shorten his term of supervised release); *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003) (the same); *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999) (the same).

Thus, given the totality of the circumstances in this case, considered in light of the § 3553(a) factors, we are not "left with a definite and firm conviction" that Defendant's life term of supervised release lies outside the range of reasonable sentences. *See Irey*, 612 F.3d at 1190. In short, Defendant has failed to demonstrate that the district court abused its discretion when it imposed a life term of supervised release.

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.