[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-13288
Non-Argument Calendar

————————————————

D.C. Docket No. 3:10-cr-00087-AKK-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN ANTHONY LEDONNE,
a.k.a. Stephen Anthony Wiltsie,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(July 20, 2018)

Before TJOFLAT, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Stephen LeDonne appeals his sentence of two years' imprisonment and five years' supervised release, a variance above the guideline range,[1] imposed following the revocation of his supervised release.  LeDonne argues that his sentence is procedurally unreasonable because it was based on a clearly erroneous factual determination.  He also argues that it is substantively unreasonable because the District Court improperly considered an impermissible factor and did not provide a sufficiently compelling justification for deciding to impose a sentence above the guideline range.  After a thorough review of the record and relevant case law, we reject these arguments, and affirm.

## I.

We review for reasonableness the sentence imposed by a district court upon the revocation of supervised release.  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  The reasonableness of the sentence is reviewed for abuse of discretion.  *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).  We review *de novo* the legal question whether the district court considered an impermissible factor in sentencing.  *Velasquez Velasquez*, 524 F.3d at 1252.  We review the district court's factual findings for clear error.  *United States v. White*, 335 F.3d 1314, 1317 (11th Cir. 2003).

---

[1] The applicable guideline range was six to twelve months' imprisonment.  The statutory maximum sentence is two years.  *See* 18 U.S.C. §§ 3585(e)(3), 25550(a), 3559(a)(3).

If a district court finds by a preponderance of the evidence that a defendant has violated a term of his supervised release, the court may revoke the defendant's supervised release and sentence him to prison.  18 U.S.C. § 3583(e)(3).  In doing so, the Court must consider certain factors set out in 18 U.S.C. § 3553(a), including the history and characteristics of the defendant, the need to afford adequate deterrence and protect the public from the defendant, and the need for the sentence imposed to provide the defendant with correctional treatment in the most effective manner.  *Id.* §§ 3583(e)(3), 3553(a)(1), (2)(B)–(D).

## A.

First, we must ensure the District Court committed no significant procedural error, such as miscalculating the guideline range, treating the guidelines as mandatory, failing to consider certain § 3553 factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including explaining any deviation from the Guideline range.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

When a defendant challenges one of the factual bases of his sentence, the Government has the burden of establishing the disputed fact by a preponderance of the evidence.  *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013).  In determining whether factors exist that would enhance a defendant's sentence, the sentencing court may consider *any* information (including hearsay), *provided*

3

that (1) the evidence has sufficient indicia of reliability, (2) the court makes explicit findings of fact as to credibility, and (3) the defendant has an opportunity to rebut the evidence. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2016). A defendant has a due process right not to be sentenced based on false or unreliable information. *Id.* To prevail on a challenge to such information, the defendant must show that the challenged evidence is materially false or unreliable, and that it actually served as a basis for his sentence. *Id.* Moreover, the defendant "bears the burden of showing that the [sentencing] court *explicitly* relied on the information." *Id.* (quotation marks omitted) (emphasis added).

The justification for varying from the guideline sentencing range cannot be based on a clearly erroneous fact. *See Ghertler*, 605 F.3d at 1269; *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Here, LeDonne disputes the District Court's apparent conclusion that a two-year sentence would result in LeDonne having the best chance of being successfully transferred to Tennessee after his release. But assuming this is a fact, and thus that the Government was required to prove it by a preponderance of the evidence, we cannot say the District Court erred in finding that the Government did so.

The parties agreed that it was the probation officer's opinion that a two-year sentence would provide the best chance for LeDonne to transfer to Tennessee. Neither party introduced additional evidence regarding the veracity of that

4

opinion.[2]  Accordingly, the District Court—with only the probation officer's

opinion before it—did not clearly err in finding that LeDonne would, more likely

than not, have the best chance of a transfer to Tennessee if he served a two-year

sentence.  LeDonne does not point to anything in the record suggesting this factual

finding was clearly erroneous, nor can he show that the probation officer's opinion

was materially false or unreliable.  Accordingly, the Court's reliance on this

information does not present a due process problem.  *See Ghertler*, 605 F.3d at

1269.  LeDonne's sentence was not procedurally unreasonable.

## B.

Having found the sentence procedurally sound, our next task is to evaluate

its substantive reasonableness.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  A district

court abuses its discretion and imposes a substantively unreasonable sentence

when it (1) fails to afford consideration to relevant factors that were due significant

weight, (2) gives significant weight to an improper or irrelevant factor, or (3)

commits a clear error of judgment in considering the proper factors.  *United States

v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

This Court will not vacate a sentence merely because we believe a different

sentence more appropriate; we will vacate a sentence only if, after engaging in the

---

[2] LeDonne argues that, at the sentencing hearing, he disputed the validity of that claim. But LeDonne did not proffer anything challenging the validity of the claim that a two-year sentence gave him the best chance of a transfer.  He merely maintained that the probability of a transfer was uncertain.

5

proper analysis, we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190–91 (quotation marks omitted).  We cannot presume that a sentence imposed outside the guideline range is unreasonable. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015).  Instead, the party challenging the sentence has the burden of establishing that it is unreasonable in light of the entire record, the § 3553(a) factors, and the deference accorded to the sentencing court.  *Id.* at 1256.  Nevertheless, a sentence based entirely on an impermissible factor is unreasonable because it does not achieve the purposes of § 3553(a).  *Velasquez Velasquez*, 524 F.3d at 1252.

In applying the abuse of discretion standard to a sentence outside the guideline range, we must ensure the sentencing court's justification for the variance is sufficiently compelling.  *Irey*, 612 F.3d at 1186–87.  But in doing so, we must give proper deference to the district court's reasoned decision that the § 3553(a) factors, viewed as a whole, justify the extent of the variance.  *Id.* at 1187.

Here, LeDonne's counsel explicitly advised the District Court that she believed LeDonne would have the best chance of success if he were able to return to Tennessee to be more connected with his family.  A fair reading of this statement—and the one it seems the District Court accepted—is that LeDonne was

6

asking the Court to consider the probability of a successful transfer in crafting his sentence; and that LeDonne's desire was not to transfer jurisdictions *per se*, but was primarily to be in an environment where he would be more motivated to succeed and more connected with his family.  In effect, then, the subject of transferring to Tennessee was about LeDonne's personal history and characteristics, and how to provide him correctional treatment most effectively— proper sentencing factors to consider under § 3553(a)(1) and (2)(D).

Even if the probability of transfer were an entirely independent consideration, of no moment to the § 3553(a) factors, we would still affirm unless the Court based LeDonne's sentence entirely on that consideration, or at least gave it "significant weight" in crafting his sentence.  *E.g. United States v. Plate*, 839 F.3d 950, 957 (11th Cir. 2016).  But the Court's ultimate explanation for the sentence indicates that its principal focus was on deterrence and impressing upon LeDonne the importance of complying with his release conditions; and that the Court's mention of the possible transfer to Tennessee was merely an acknowledgment that, if nothing else, LeDonne's desire to successfully transfer would motivate him to follow the rules. The Court did not give significant weight to the probability of transfer as an independent factor.

Rather, the Court was well within its discretion to give significant weight to deterrence, and LeDonne has not met his burden of establishing that his sentence

7

was unreasonable in light of the sentencing factors, the record as a whole, and the deference we owe to the District Court. *See Rosales-Bruno*, 789 F.3d at 1255–56. The District Court was rightly concerned with ensuring that LeDonne, who had violated the terms of his release multiple times, would not violate them again. *See Irey*, 612 F.3d at 1186–87.

## II.

Because LeDonne's sentence was both procedurally and substantively reasonable, we affirm.

**AFFIRMED.**