[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13009
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cr-00068-JPB-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN ACOSTA PINEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 2, 2021)

Before MARTIN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Kevin Acosta Pineda appeals the district court's one-year term of supervised release following his prison sentence for his illegal reentry conviction. Because we conclude that the supervised release portion of his sentence wasn't procedurally unreasonable, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pineda is a citizen of El Salvador who was first removed from the United States in 2014. Pineda reentered the United States, and, in 2016, he was arrested in Gwinnett County, Georgia for following a woman, grabbing her by her hoodie, demanding her phone, and threatening to kill her. Pineda pleaded guilty to robbery and false imprisonment, and he was sentenced to three years' imprisonment and seven years' probation.

After he completed his Georgia prison sentence, a grand jury from the Northern District of Georgia indicted Pineda for illegal reentry into the United States after deportation. Pineda pleaded guilty, and he was sentenced to thirteen months' imprisonment followed by a one-year term of supervised release. The district court explained that it imposed the below-guideline sentence:

> in view of the sentencing goals delineated in 18 U.S.C. [section] 3553(a) and the parties' arguments as to those factors including: [t]he nature and circumstances of the offense and the history and characteristics of the defendant[,] [t]he need for the sentence imposed to . . . afford adequate [deterrence] and to protect the public[,] the kinds of sentences available[,] [and] [t]he kinds of sentence[s] in the sentencing range established for the applicable category of offense committed as set forth in the sentencing guidelines . . . .

2

The court found that "[t]he sentence [met] the criteria of punishment, [deterrence,] and incapacitation[,] and [was] sufficient but not greater than necessary to comply with the directive of [s]ection 3553(a)." As to the supervised release portion of the sentence, the district court explained that it would "assist the probation officer in monitoring the defendant's compliance with the Court's orders in the event he returns to the United States after he is deported."

Pineda objected to the one-year term of supervised release. He argued that the sentencing guidelines tell the district courts not to impose a term of supervised release on a defendant who is likely to be deported after imprisonment. See U.S.S.G. § 5D1.1(c) ("The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."). The district court overruled Pineda's objection because, it explained, supervised release will "assist the probation officer in monitoring the defendant's compliance with the [c]ourt's orders."

## STANDARD OF REVIEW

We review the procedural reasonableness of a district court's sentence for abuse of discretion. United States v. Trailer, 827 F.3d 933, 935–36 (11th Cir. 2016). We consider whether the district court committed any significant procedural error, such as (1) "miscalculating the advisory guideline range," (2) "treating the

3

Sentencing Guidelines as mandatory," (3) "failing to consider the 18 U.S.C. [section] 3553(a) factors," (4) "selecting a sentence based on clearly erroneous facts," or (5) "failing to adequately explain the chosen sentence." Id. at 936. "The party challenging [the] sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the [18 U.S.C. section] 3553(a) factors, and the substantial deference afforded [to] sentencing courts." United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015).

## DISCUSSION

Pineda first argues that guideline section 5D1.1(c) requires that supervised release not be imposed because illegal reentry statute, 8 U.S.C. section 1326, does not require supervised release, and he will be deported at the conclusion of his term of imprisonment. Thus, Pineda argues, there was a presumption that the district court should not have imposed a term of supervised release.

Section 5D1.1(c) provides that the district court ordinarily should not sentence a defendant to supervised release when (1) supervised release is not required by the statute, and (2) the defendant is likely to be deported after completing the sentence. U.S.S.G. § 5D1.1(c). But there's a caveat. As the commentary explains, "the court should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection

4

based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1 cmt. n.5.

We rejected an argument like Pineda's in Garza-Mendez v. United States, 735 F.3d 1284 (11th Cir. 2013). There, we said that the guideline commentary provides that a district court may impose a term of supervised release, even against a deportable defendant, if it determines that doing so would add an additional measure of deterrence and protection based on the facts and circumstances of the particular case. Id. at 1292 ("[T]he district court may impose any condition of supervised release it deems appropriate so long as it comports with the factors enumerated in [section] 3553(a)." (quoting United States v. Zinn, 321 F.3d 1084, 1089 (11th Cir. 2003))). We explained that "[t]he [s]entencing [g]uidelines permit imposition of any condition of supervised release that is 'reasonably related' to the [section] 3553(a) factors, as long as the conditions 'involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [section] 3553(a) and are consistent with any pertinent policy statements issued by the Sentencing Commission.'" Id. (quoting U.S.S.G. § 5D1.3(b)) (alteration adopted). We affirmed the supervised release sentence in Garza-Mendez because the defendant in that case, as here, reentered the United States illegally after being deported. Id. Because the defendant had previously been deported, we concluded that a term of supervised release was not procedurally unreasonable since it served the section 3553(a)

sentencing factors, including deterrence and protecting the public, and it aided the probation officer in monitoring the defendant's location. Id. at 1292–93.

So too here. Like the defendant in Garza-Mendez, Pineda was previously deported, and the district court explicitly noted that his sentence would serve the goals of deterrence and protecting the public. After being deported, Pineda illegally reentered the United States. Here, as in Garza-Mendez, the district court found that the term of supervised release would "assist the probation officer in monitoring the defendant's compliance with the Court's orders." Thus, the district court determined, consistent with the supervised release sentencing guideline, that a term of supervised release "would provide an added measure of deterrence and protection based on the facts and circumstances of [the] particular case." See U.S.S.G. § 5D1.1 cmt. n.5. As in Garza-Mendez, we cannot conclude that this was an abuse of discretion. See United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc) ("A district court's sentence need not be the most appropriate one, it need only be a reasonable one.").

Even so, Pineda argues that his sentence was procedurally unreasonable because the district court did not consider the section 3553(a) factors or explain its deviation from section 5D1.1(c). But, as discussed above, the district court explained its reasons for imposing a term of supervised release.

6

The district court explained that Pineda had a history of illegal reentry. In determining the sentence, the district court explicitly referenced several of the section 3553(a) factors, including the history of the defendant, the goal of protecting the public, and the need for adequate deterrence. The district court also found that the one-year term of supervised release would aid in monitoring compliance with its orders. Although Pineda's statute of conviction does not require a term of supervised release, see 8 U.S.C. § 1326(a), when "imposing a sentence to a term of imprisonment for a felony or a misdemeanor," courts are authorized to impose "a term of supervised release after imprisonment," 18 U.S.C. § 3583(a), so long as they consider the section 3553(a) sentencing factors, see id. § 3583(c). The district court explicitly considered those factors here.

Because we conclude that the district court adequately explained its reasons for imposing a term of supervised release, we cannot find that the supervised release portion of Pineda's sentence was procedurally unreasonable. We **AFFIRM**.