[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13697
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00101-KOB-GMB-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEVADNEY SANCHEZ LAUDERDALE,
a.k.a. Pookie,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 23, 2021)

Before MARTIN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Devadney Sanchez Lauderdale appeals his seven-month sentence of imprisonment upon revocation of his supervised release. He argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors and that his sentence is substantively unreasonable. After careful review, we affirm.

**I.**

Lauderdale completed a prison sentence of approximately 50 months for possession of a firearm following a felony conviction in August 2019. Upon leaving prison, he began a 36-month term of supervised release. The terms of his release required him to, among other things, not commit any federal, state, or local crimes, obtain permission from the probation office or the court before leaving the Northern District of Alabama, and notify his probation officer within 72 hours "of being arrested or questioned by a law enforcement officer."

Lauderdale completed the first year of supervised release without incident. But in August 2020, over the course of a few days, he was arrested for public intoxication, third-degree criminal trespass, and disorderly conduct. Lauderdale did not inform his probation officer about the arrests. In September 2020, Lauderdale also traveled beyond the Northern District of Alabama without the permission of his probation officer or the court. During that trip, Lauderdale was shot and, although he was not charged for any offense related to that shooting, he

again failed to inform his probation officer of the resulting contact with law enforcement.

During a supervision revocation hearing before the district court, Lauderdale admitted that he failed to inform his probation officer about these incidents and did not seek permission to leave the Northern District of Alabama, and the government decided to proceed only as to those violations. The statutory maximum for those violations is two years' imprisonment, and the Sentencing Guidelines range is seven to thirteen months' imprisonment, though imprisonment is not required.[1]

Lauderdale argued that, though he "should be given a sanction, possibly," he should not be imprisoned because he had complied with the conditions of supervised release for nearly a year without incident and instead asked to be placed in a new alcohol abuse treatment facility, after having been dismissed from the first one he was placed in. The government argued that Lauderdale's supervision should be revoked because in a period of some forty days "Mr. Lauderdale has had three contacts with law enforcement. At no time thereafter did he contact his probation officer." The government recommended a sentence of seven months' imprisonment with no supervised release. The court noted that Lauderdale had accrued multiple violations in a short period of time, saying that "[s]omething's

---

[1] See 18 U.S.C. § 3583(g) (setting forth scenarios where revocation of supervised release is required).

going wrong here and it needs to be nipped in the bud." And the court stated it was concerned that Lauderdale was not talking "honestly with [his] probation officer to try to get help." The district court sentenced Lauderdale to seven months' imprisonment followed by 29 months of supervised release.

## II.

Lauderdale first argues that his sentence is procedurally unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors. We review the procedural reasonableness of a sentence imposed upon revocation of supervised release for abuse of discretion. United States v. Trailer, 827 F.3d 933, 935–36 (11th Cir. 2016) (per curiam). The party challenging the sentence bears the burden of showing that the sentence is unreasonable. United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008).

The district court must consider certain § 3553(a) factors when revoking a term of supervised release. 18 U.S.C. § 3583(e)(3). These factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the "kinds of sentence and the sentencing range established" for the particular offense. Id. § 3553(a)(1), (4).

But the district court does not have to discuss each factor it is required to consider, nor must it explicitly state that it has considered the factors. United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013). The record need only

4

indicate that the district court considered some of the factors.  See, e.g., United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (recognizing that record indicated the district court "did, in fact, consider a number of the sentencing factors").

Here, the record makes clear that the district court considered a number of the § 3553(a) factors, even if it never explicitly referenced them.  The district court was clearly concerned about the number of violations and the fact that they occurred in a short period of time, which goes to the "nature and circumstances of" the violations.  18 U.S.C. § 3553(a)(1).  The district court also evinced its awareness of the "kinds of sentence" and the "sentencing range established," as it started the hearing by informing Lauderdale of the Guidelines range and statutory maximum in his case, and the court considered (although ultimately rejected) Lauderdale's arguments about why he should not be sentenced to a term of imprisonment.  Id. § 3553(a)(4).  The district court also considered Lauderdale's "history and characteristics," including his alcohol abuse problem.  Id. § 3553(a)(1).

## III.

Lauderdale also argues that his sentence was substantively unreasonable.  He argues that a seven-month term of imprisonment is unreasonable for a first

violation of supervised release, that he had been compliant for nearly a year, and that what he really needs is alcohol abuse treatment, not prison.

We review the substantive reasonableness of a sentence imposed upon revocation of supervised release for abuse of discretion. Trailer, 827 F.3d at 935–36. "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). We ordinarily expect that a sentence within the Guidelines range is reasonable. United States v. Dixon, 901 F.3d 1322, 1351 (11th Cir. 2018). We reverse a sentence only when we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted).

We are left with no such conviction here. Lauderdale's sentence was at the bottom of the Guidelines range and is well below the statutory maximum of 24 months. He accrued a number of supervised release violations in quick succession which indicated a problem that the district court felt needed "to be nipped in the bud." Lauderdale's violations also demonstrated that he was not communicating

6

completely openly with his probation officer.  On this record, we cannot find that

the district court abused its discretion.

**AFFIRMED.**