[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13412

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE RICARDO LERMA SINISTERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00221-SDM-MAP-5

_____

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jose Ricardo Lerma Sinisterra appeals the 30-month sentence imposed -- pursuant to 18 U.S.C. § 3583(e)(3) -- upon revocation of Sinisterra's supervised release. Sinisterra contends that his sentence is procedurally and substantively unreasonable. No reversible error has been shown; we affirm.

In 2008, the United States Coast Guard apprehended Sinisterra and 7 other crewmembers found aboard a fishing boat carrying 1,140 kilograms of cocaine. Sinisterra pleaded guilty to conspiracy to possess and to possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 906(b)(1)(B)(ii). Sinisterra was sentenced to 135 months' imprisonment, followed by 5 years' supervised release.

Sinisterra completed the in-custody portion of this sentence in June 2018. Upon Sinisterra's release from custody, Sinisterra was deported to Colombia. Sinisterra was never supervised actively in the United States.

In July 2019, a probation officer petitioned the district court to revoke Sinisterra's supervised release: revocation based on new

criminal conduct. For grounds, the probation officer alleged that Sinisterra had been charged, in the United States District Court for the Southern District of Florida, with two new criminal offenses ("2019 Case").

The offenses charged in the separate 2019 Case arose from a June 2019 encounter during which Sinisterra was apprehended for a second time by the Coast Guard -- this time aboard a semi-submersible vessel carrying 1,377 kilograms of cocaine. In the 2019 Case, Sinisterra pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and also to conspiracy to operate and embark on a semi-submersible vessel without nationality. For these crimes, Sinisterra was sentenced to 210 months' imprisonment, followed by 5 years' supervised release.

At the revocation hearing at issue in this appeal, Sinisterra admitted the charged supervised-release violations. The district court revoked the term of supervised release imposed for Sinisterra's 2008 offenses. The district court then sentenced Sinisterra to 30 months' imprisonment to run consecutive to the 210-month sentence imposed in the 2019 Case.

Under section 3583(e)(3), a district court may revoke a term of supervised release upon finding by a preponderance of the evidence that the defendant violated a supervised-release condition. 18 U.S.C. § 3583(e). The district court may then impose a term of imprisonment after considering the sentencing factors identified in

section 3583(e).  *Id.*  Section 3583(e) lists most -- but not all -- of the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. §§ 3553(a), 3583(e).

Under section 3583(e), a district court imposing a sentence upon revocation of supervised release must consider these sentencing factors: (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the need for the sentence to deter criminal conduct and to protect the public, (4) the need to provide the defendant with educational training or medical care, (5) the advisory guidelines range, (6) the policy statements of the Sentencing Commission, (7) the need to avoid sentencing disparities, and (8) the need to provide restitution to victims.  *See* 18 U.S.C. § 3583(e) (requiring the sentencing court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and in (a)(4)-(7)).  Pertinent to this appeal, section 3583(e) omits reference to the sentencing factors set out in section 3553(a)(2)(A): "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  *See* 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

We review for reasonableness a sentence imposed upon revocation of supervised release.  *See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  We review the reasonableness of a sentence under an abuse-of-discretion standard using a two-step process.  *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2016).  We first determine whether the district court committed a significant procedural error.  *Id.*  If the sentence is

procedurally sound, we next determine whether the sentence is substantively reasonable given the totality of the circumstances. *Id.*

The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). We will disturb a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [sentencing] factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.*

Sinisterra's 30-month consecutive sentence is both procedurally and substantively reasonable. About procedural reasonableness, the district court calculated properly the advisory guidelines range of 24 to 30 months' imprisonment. The district court also considered the pertinent sentencing factors identified in section 3583(e) and explained adequately the chosen sentence. The district court's decision to impose a sentence consecutive to Sinisterra's 210-month sentence in the 2019 Case was also consistent with the Chapter 7 policy statements. *See* U.S.S.G. § 7B1.3(f), comment. (n.4) (providing that a "term of imprisonment imposed upon the revocation of . . . supervised release *shall be ordered to be served consecutively* to any sentence of imprisonment that the defendant is serving . . .." (emphasis added)).

On appeal, Sinesterra contends the district court committed procedural error by considering impermissibly the "retribution"

factors under section 3553(a)(2)(A): sentencing factors omitted from section 3583(e)'s list of factors to be considered in imposing a revocation sentence.[1]  We disagree.

Nothing evidences that the district court relied upon the sentencing factors listed in section 3553(a)(2)(A).  In explaining the chosen sentence, the district court discussed the "egregious" nature of Sinisterra's new offense conduct and observed that -- shortly after Sinisterra was released from custody -- Sinisterra committed the same crime on an "escalated level."  The district court also focused on the need to protect the public from future crimes and considered expressly the sentences of similarly-situated defendants.  These statements by the district court address directly the sentencing factors identified in section 3583(e), including the nature and circumstances of the offense, Sinisterra's history and characteristics, and the need for the sentence to deter criminal conduct and to protect the public.  *See* 18 U.S.C. § 3583(e).  On this record, we have no reason to believe that the district court relied upon a

[1] The government contends that Sinisterra's procedural-reasonableness argument should be reviewed only for plain error.  The government says that Sinisterra's general objection to the procedural reasonableness of his sentence was inadequate to preserve for appeal Sinisterra's argument that the district court considered an impermissible sentencing factor.  Because we conclude that the district court committed no procedural error -- plain or otherwise -- we need not address the adequacy of Sinisterra's objection following the district court's imposition of sentence.

20-13412                Opinion of the Court                7

sentencing factor outside the sentencing factors listed in section 3583(e).[2]

About substantive reasonableness, Sinisterra argues that the district court gave undue weight to the serious nature of Sinisterra's 2019 criminal offenses and failed to focus on Sinisterra's "breach of trust."

We stress that a district court has discretion to give greater weight to some sentencing factors than to others. *See United States v. Gomez*, 955 F.3d 1250, 1257 (11th Cir. 2020). That Sinisterra violated the terms of his supervised release within one year of being released from custody and by committing the same offense for which he was convicted in 2008 is undisputed. This evidence is pertinent not only to the nature and circumstances of Sinisterra's offense, but also to Sinisterra's history and characteristics and to the need for the sentence imposed to protect the public and to deter criminal conduct. Given the record in this case, we cannot conclude that the district court gave undue weight to the seriousness of Sinisterra's 2019 offenses or clearly erred in weighing the pertinent sentencing factors.

We also reject Sinisterra's argument about lack of consideration of "breach of trust." As an initial matter, we note that

---

[2] We also note that neither the Supreme Court nor this Court has resolved whether a sentencing court commits error by considering the section 3553(a)(2)(A) factors in imposing a sentence upon revocation. We do not decide that issue today.

Sinisterra seems to misconstrue the "breach of trust" language in Chapter 7's policy statement.  The policy statement explains that -- after considering two different approaches for sanctioning violations of supervised release -- the Sentencing Commission's adopted an approach that sanctioned chiefly the defendant's "breach of trust" for failing to abide by the conditions of the court-ordered supervision, "while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b).  Nothing in Chapter 7's policy statement requires a sentencing court to consider as an independent sentencing factor a defendant's "breach of trust."

Nevertheless, the record here shows that the district court did consider Sinisterra's breach of trust.  In announcing Sinisterra's revocation sentence, the district court first quoted statements Sinisterra made to the sentencing court during Sinisterra's 2008 sentencing hearing, including Sinisterra's statements apologizing to the sentencing court for Sinisterra's wrongs and to his Lord and asking the sentencing court to consider Sinisterra's children in imposing a fair sentence.  The district court, however, at the revocation hearing, questioned the sincerity of Sinisterra's statements of remorse -- which the sentencing court considered in 2008 -- given that Sinisterra committed a similar crime shortly after his release from custody.  The district court also discussed Sinisterra's earlier-filed motions for "extreme leniency" and said that Sinisterra's commission of the 2019 criminal offenses confirmed the district court's

earlier decision to deny such leniency. We read these statements by the district court as statements touching upon Sinisterra's breach of the court's trust.

Given the totality of the circumstances involved in this case, the district court determined reasonably that on revocation a sentence at the high end of the guidelines range was appropriate. That Sinisterra's 30-month sentence was both within the advisory guidelines range of 24 to 30 months' imprisonment and well below the statutory maximum sentence of 5 years is also indicative of reasonableness. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Viewing the record as a whole, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment." *See Trailer*, 827 F.3d at 936. The district court abused no discretion; we affirm Sinisterra's sentence.

AFFIRMED.