[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14307

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED LEE WHITE, III,

a.k.a. Trey White,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00153-PGB-EJK-1

_____

Before ROSENBAUM, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Fred Lee White III appeals his 156-month sentence for two counts of receipt of child pornography, a 41-month upward variance from the guideline range, as substantively unreasonable. He argues that the guideline range properly accounted for his criminal history, the offense characteristics, his cooperation, and his personal history. He argues in disregarding the guideline range, the District Court improperly focused on his criminal history and did not provide a sufficiently compelling justification for the upward variance. For the reasons that follow, we affirm.

**I.**

White was indicted on seven counts of receiving material containing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and one count of possessing material containing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

In a plea agreement, White pled guilty to Counts Four and Six of receiving material containing child pornography. The agreement recognized that each of the two counts carries a minimum term of imprisonment of five years and a maximum term of imprisonment of twenty years. Each count also carries a maximum fine of $250,000, a term of supervised release between five years and life, a special assessment of $100, and possible restitu-

tion.  The plea agreement also called for the dismissal of the remaining counts in the indictment.  The Court accepted White's plea agreement at a Change of Plea Hearing.

Before White's sentencing hearing, a probation officer prepared a presentence investigation report ("PSR").  The PSR contained the following information about White's criminal history.

In April 2004, White was arrested for Resisting Arrest Without Violence after becoming verbally abusive and kicking Nassau County Sheriff's deputies when they conducted a traffic stop on White's vehicle.  He was sentenced to 12 months' probation in Florida state court, but probation was terminated in November of the same year.

In August 2005, White was arrested for Driving Under Suspension.  He was fined in South Carolina state court.

In November 2005, White was arrested for Disturbing School after he "loitered around the premises of [an elementary school,] drove around the parking lot[,] and when approached by a teacher[,] drove away in excessive speeds while school children were present."  After pleading guilty in South Carolina state court, he was sentenced to ten days in jail *or* a $150 fine.

In March 2006, White was arrested for Indecent Exposure after he exposed his penis to a ten-year-old girl.  He pled guilty in South Carolina state court and was sentenced to 3 years of probation and sex offender counseling.

In January 2013, White was arrested for Fleeing or Attempting to Elude a Police Officer when he refused to stop for an attempted vehicle stop and fled in excess of 20 miles per hour above the posted speed limit. He was sentenced in Georgia state court to a fine and five years of probation, which was terminated in 2021.

In November 2015, while still on probation, White was arrested for Battery. Three victims—two adult women and the son of one of the women—attempted to get White away from the vehicle belonging to one of the victims. White choked both women, threatened to kill one of them, and ultimately picked one of the victims off the ground by the neck and slammed her on the ground before all three victims were able to flee to the mother victim's apartment. White tried to enter the apartment, banging on a window and the door, and was uncooperative when police ultimately arrived. White pled *nolo contendere* in Florida state court, was adjudicated guilty, and, in June 2016, was sentenced to twelve months' probation and ten days on a work farm. This probation was terminated early in September of the next year.

On February 20, 2020, and after receiving a tip that an IP address associated with White was used to download an image of child pornography, agents with the Brevard County Sheriff's Office met with White. He denied downloading any child pornography.

In May 2020—while still on probation—White was arrested for Lewd or Lascivious Exhibition after being caught masturbat-

ing outside of his camper and in full view of a 10-year-old girl who was standing right outside her yard. Pleading *nolo contendere* in Florida state court, White was sentenced on March 5, 2021, to 42 months in Florida Department of Corrections with 305 days credit for time served.

Two days after his arrest, a neighbor, while looking for keys, spotted a tablet on the ground next to White's truck. The tablet being unlocked, the neighbor looked through the photo gallery and saw multiple images of what appeared to be child pornography. The neighbor then gave the tablet to the mother of the 10-year-old neighbor, who turned it in to the police. These images formed the basis for the sentence currently before us.

The PSR calculated a total offense level of 26 and a criminal history category of IV, resulting in a guideline imprisonment range of 92 to 115 months. The District Court sentenced White to 156 months imprisonment for each of the two counts to run concurrently with each other, but consecutively to the state term of imprisonment he is currently serving pursuant to his Florida state conviction. The Court also sentenced White to fifteen years of supervised release to commence after his term of imprisonment.

At the sentencing hearing, the Court acknowledged the 18 U.S.C. § 3553(a) sentencing factors. In deciding to sentence White above the guideline range, the Court discussed how the Brevard County Sheriff's Office interviewed White three months before his tablet was found, and that he denied being involved in

the use of child pornography.   The Court also discussed how young the children in the videos found on White's computer were, and the pattern formed by White's criminal record, specifically including the facts that led to his battery conviction.   The Court considered that White had been placed on probation four times over a period of 17 years—at times for other sexual conduct involving minors—and that he continued to exhibit "a very high level [of] disrespect for authority, violence towards women, abuse of children, and a lack of being amenable to probation or other corrective care."   Finally, the Court discussed White's privileged upbringing and that it did not doubt White was compassionate and caring to his family, but that did not necessarily mean he was not a danger to society at large.

## II.

We review a sentence under the abuse of discretion standard.   *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).   We decide whether a sentence is substantively unreasonable by considering the totality of the circumstances of the case and the purposes of a sentence as expressed in the 18 U.S.C. § 3553(a) factors.   *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (per curiam).   We recognize that a sentence must be sufficient, but not greater than necessary, to satisfy the factors listed in § 3553(a)(2): the need of the sentence to reflect the seriousness of the offense and to provide punishment, general deterrence, and specific deterrence—in other words, protecting the public from the defendant's future conduct.   *See* 18 U.S.C. § 3553(a)(2)(A)–(C).   In arriving at a sentence, the court need not

discuss each of the § 3553(a) factors, but the record must reflect that it did consider them. *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010). The weight the court gives a § 3553(a) factor is a matter committed to its sound discretion. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam). A sentence is substantively unreasonable if we are left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

If a district court determines that a sentence outside the guideline range is appropriate, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013) (quotation marks omitted) (quoting *Williams* 526 at 1322). The district court's imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016). The district court may also "consider facts that were taken into account when formulating the guideline range for the sake of a variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

We have stated that child sex crimes are among the worst criminal offenses and have upheld lengthy sentences in these cases as substantively reasonable. *United States v. Sarras*, 575 F.3d 1191, 1220–21 (11th Cir. 2009); *see also United States v. Turner*, 626

F.3d 566, 574 (11th Cir. 2010) (upholding a 90-month upward variance for possession of child pornography because possessing child pornography contributes to the victimization of children and Turner posed a risk to the public).

Here, the District Court did not abuse its discretion in varying White's term of imprisonment above the guideline range. First, White faced a maximum term of imprisonment of forty years, which points to the reasonableness of a 156-month sentence.

Further, the Court explained at the sentencing hearing that the criminal history category of IV provided by the PSR does not "adequately reflect[] how serious [White's] conduct is and what danger [he] present[s] to society" and that "it doesn't address the pattern of behavior . . . that's accelerated over time." *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1264 (11th Cir. 2015) (noting that even though properly calculated guideline ranges incorporate a defendant's criminal history, a district court may properly find that the guideline range does not account for the nature of the prior offenses or the continuous pattern of criminal behavior). This was not an abuse of discretion. White's criminal history indicates that he has not confined his interest in children to the virtual realm. He has been convicted of disturbing school for loitering around an elementary school—where he further endangered children by fleeing at high rates of speed—and has twice been convicted for exposing his genitalia to 10-year-old girls, and those incidents were 14 years apart. White has also faced probation

21-14307                Opinion of the Court                    9

multiple times, as well as court-mandated sex offender counseling, and yet the pattern has continued.  For these reasons, we cannot say that the District Court abused its discretion in determining that an upward variance was justified.

**AFFIRMED.**