[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13337

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TAMARA DENISAHA COLEMAN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cr-00178-TFM-N-9

————————————————

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

For her role in a multimillion-dollar drug operation, Tamara Coleman was found guilty of one count of conspiring to possess with intent to distribute more than five kilograms of cocaine, one count of conspiring to launder drug proceeds, and twenty-six counts of money laundering. The district court sentenced Coleman to 240 months' imprisonment and imposed $1 million in fines. She now challenges her convictions and sentence, arguing along the way that the district court allowed improper lay testimony from a government witness and imposed a procedurally and substantively unreasonable sentence. Unpersuaded by these arguments, we affirm.

## I.

Darrin Southall headed a multimillion-dollar cocaine operation that extended across Alabama, Mississippi, and Louisiana. While Southall was running his drug empire, Tamara Coleman lived in his home in Mobile, Alabama. She claims that her relationship with Southall was just that, a romantic relationship. But Southall described Coleman as his "accountant," and several individuals associated with Southall identified her as a key partner in his crimes.

In 2022, Coleman was indicted for her involvement in Southall's drug operation and proceeded to a jury trial. At trial, the government presented testimony from Scott Fondren, a

federal agent.   Fondren identified intercepted phone calls and explained terms that Southall, Coleman, and other coconspirators used to discuss their drug operations.   Other law enforcement officials testified, too.   One agent, Jamal Dozier, testified that Coleman admitted to "facilitat[ing] the movement of stuff or money" for Southall's operation.

The government also presented testimony from thirteen former participants of the drug ring.   Seven of these witnesses testified that they either delivered drug proceeds, new deliveries of cocaine, or both to Coleman.   The jury found Coleman guilty of conspiring to possess with intent to distribute more than five kilograms of cocaine, conspiring to launder drug proceeds, and money laundering.   She was sentenced to 240 months' imprisonment and fined a total of $1 million.   This is her appeal.

## II.

We review evidentiary rulings and the reasonableness of a sentence for abuse of discretion.   *United States v. Graham*, 981 F.3d 1254, 1260 (11th Cir. 2020); *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).[1]

---

[1] The government argues that the evidentiary challenge should be reviewed for plain error because Coleman did not preserve her objection to the district court's evidentiary ruling.  But because the government prevails under either standard, we review only for abuse of discretion.

### III.

### A.

Coleman first argues that the district court erred in allowing Fondren to summarize evidence, interpret language, and draw inferences from phone calls as a lay witness. But we need not decide whether the court erred because any error in admitting the testimony was harmless.

A nonconstitutional error "is harmless unless it resulted in actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Pon*, 963 F.3d 1207, 1227 (11th Cir. 2020) (quotation omitted). Apart from Fondren's testimony, the evidence against Coleman was overwhelming. At least seven coconspirators directly implicated Coleman in Southall's drug trafficking operation, and others offered testimony that indirectly implicated her.

What's more, Dozier testified that Coleman admitted to participation in the drug conspiracy. And even without Fondren's commentary on the phone calls, the jury could have interpreted the conversations themselves to reveal Coleman as a key player in Southall's drug operation. *See United States v. Emmanuel*, 565 F.3d 1324, 1336 (11th Cir. 2009). Given the overwhelming evidence of Coleman's guilt, Fondren's testimony "was merely cumulative and was not essential to the jury's verdict." *Id.*

## B.

Next, Coleman argues that her sentence was procedurally and substantively unreasonable.  She challenges the term of imprisonment (240 months) and total fine amount ($1 million).

*First*, she contends that the term of imprisonment was procedurally unreasonable because it was based on an incorrect Guidelines calculation.  The court found that Coleman was accountable for at least 420 kilograms of cocaine, resulting in a base offense level of 36.  In doing so, it denied Coleman's request to find her accountable for only thirty-eight kilograms, which would have decreased her base offense level to 32.

But this Court "need not review an issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable."  *United States v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020) (citing *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006)).  That is the case here.

The district court said that it would impose a twenty-year sentence regardless of the Guidelines recommendation.  And the sentence was substantively reasonable.  "When we consider the substantive reasonableness of the sentence under a *Keene* analysis, we assume the guidelines error the defendant alleges and reduce the guidelines calculation and its corresponding sentencing range accordingly."  *Id.*  At sentencing, Coleman asked the district court to adopt thirty-eight kilograms as its quantity determination.  Had the district court acquiesced, Coleman's Guidelines range

would have been 235 to 293 months. Her 240-month sentence was at the low-end of this range, and we "ordinarily" expect a within-Guidelines sentence to be reasonable. *See United States v. Rodriguez*, 75 F.4th 1231, 1242 (11th Cir. 2023). Plus, the court considered the § 3553 factors, explicitly stating that the sentence addressed "the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation." Coleman's 20-year sentence—far below the statutory maximum of life imprisonment—was not substantively unreasonable.

*Second*, Coleman argues that the court's imposition of $1 million in fines was unreasonable given her "complete inability to pay" them. Not so. It's true, the Guidelines require courts to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S. Sentencing Guidelines § 5E1.2(a) (Nov. 2024). But before imposing the fine, the district court overruled Coleman's objection that the fines the government sought were excessive because there was no evidence that she had access to "a large amount of money."

And that ruling was supported by substantial record evidence. Trial evidence indicated that Coleman trafficked hundreds of thousands of dollars; that she visited her storage unit frequently before it was searched; that the storage unit contained tubs of money; and that coconspirators' storage units contained up to $900,000 in cash. The district court did not abuse its discretion in imposing the fines.

23-13337                Opinion of the Court                7

★        ★        ★

We **AFFIRM** Coleman's convictions and sentence.