**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11839

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RICARDO AMADOR BALLESTEROS GARCIA,

a.k.a. Ricardo Amador Ballesteros,
a.k.a. Ricardo Amador Ballester,
a.k.a. Alejandro Alvarez Abreu,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:12-cr-20322-PAS-1

_____

_____

No. 25-11840

Non-Argument Calendar

_____

2                    Opinion of the Court                    25-11839

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RICARDO AMADOR BALLESTEROS GARCIA,

a.k.a. Ricardo Amador Ballesteros,
a.k.a. Ricardo Amador Ballester,
a.k.a. Alejandro Alvarez Abreu,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:12-cr-20400-PAS-1
_____

_____

No. 25-11849
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RICARDO AMADOR BALLESTEROS GARCIA,

a.k.a. Ricardo Amador Ballesteros,
a.k.a. Ricardo Amador Ballester,
a.k.a. Alejandro Alvarez Abreu,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20455-RS-1

_____

Before NEWSOM, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Ricardo Ballesteros Garcia appeals from his six-month sentence of imprisonment imposed upon the revocation of his supervised release. The sentence was imposed following Ballesteros' failure -- for over three years -- to timely report to probation after he was released from custody, a violation of a condition of his supervised release. On appeal, he argues that the district court imposed a substantively unreasonable sentence. After thorough review, we affirm.

We review the substantive reasonableness of a district court's sentence upon revoking supervised release for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).

Under the statute governing permissive release revocation, a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering some, but not all, of the factors set

forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e).  Those § 3553(a) factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the applicable guideline range; affording adequate deterrence; providing the defendant with needed training, medical care, or correctional treatment; protecting the public from the defendant's future criminal conduct; pertinent policy statements of the Sentencing Commission; avoiding unwarranted sentencing disparities; and restitution to the victims. *Id.*; *id.* §§ 3553(a)(1), (2)(B)–(D), (4)–(7).

A district court imposes a substantively unreasonable sentence, and abuses its discretion, when it (1) fails to afford consideration to relevant § 3553(a) factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Importantly, the district court has discretion to give "greater weight" to some § 3553(a) factors over others. *United States v. King*, 57 F.4th 1334, 1339 (11th Cir. 2023).  "We will only vacate a defendant's [revocation] sentence if we are 'left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Trailer*, 827 F.3d at 936 (quoting *Irey*, 612 F.3d at 1190).  "The party challenging the sentence bears the burden of showing that it is unreasonable." *Id.* at 935.

Here, Garcia's six-month middle-of-the-guideline revocation sentence is not substantively unreasonable because the district court properly considered the appropriate factors in imposing the sentence. In particular, the court considered the characteristics of the defendant, noting how Garcia failed to take responsibility and wanted to blame everyone else for his violation but himself -- including Immigration and Customs Enforcement ("ICE"), the judges and the probation office -- and accused the government of fabricating documents. This was a proper factor for the court to consider, 18 U.S.C. § 3553(a)(1), and the court had discretion to give greater weight to this factor over others. Further, the court did not ignore Garcia's mitigating evidence; it rejected the government's requested sentence of nine months because of Garcia's otherwise good behavior, recognizing that Garcia had not committed any other violations while he was released.

Moreover, the record does not suggest that the district court punished Garcia for representing himself or for contesting his violation. Indeed, the district court commended Garcia's advocacy at the hearing and told Garcia that he did "a great job presenting [his] case." As for Garcia's claim that the district court "admonished" him for "failing to 'resolve' his case without the need for a contested hearing," the record does not support it. To the contrary, the record indicates that the court was commenting on the parties' failure to inform the court of the length of the hearing for scheduling purposes, since the court had scheduled another matter, and asked that they inform the court of timing "moving forward."

On the record before us, Garcia's revocation sentence does not "'lie[] outside the range of reasonable sentences dictated by the facts of the case.'" *Trailer*, 827 F.3d at 936.  His six-month sentence, imposed after he failed to report to the probation office for over three years, is not substantively unreasonable.  We affirm Garcia's sentence on revocation.

**AFFIRMED.**