[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11936

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER TED DULUK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cr-00085-SPC-NPM-1

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Christopher Duluk appeals his conviction and 84-month sentence for possessing child pornography. He raises two arguments on appeal. First, Duluk argues that the district court abused its discretion by denying him a *Franks*[1] hearing. Second, Duluk argues that his sentence is substantively unreasonable.

## I.

We review for abuse of discretion a district court's denial of a *Franks* hearing. *United States v. Barsoum*, 763 F.3d 1321, 1329 (11th Cir. 2014). We view the facts in the light most favorable to the prevailing party in the district court. *See United States v. Capers*, 708 F.3d 1286, 1295-96 (11th Cir. 2013).

To justify a *Franks* hearing, the defendant must make a "substantial preliminary showing" that an officer put in an affidavit, either intentionally or with reckless disregard for the truth, false statements that were necessary to the finding of probable cause for a search warrant. *Franks*, 438 U.S. at 155-56. The defendant fails to make this showing if he does not provide an affidavit or other sworn statement that the officer-affiant knowingly or recklessly included false statements in the affidavit. *United States v. Arbolaez*, 450 F.3d 1283, 1294 (11th Cir. 2006). When assessing materiality,

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

the trial court must disregard those portions of the affidavit that the defendant has shown are arguably false and misleading. *Barsoum*, 763 F.3d at 1328-29. The defendant then bears the burden of showing that, absent those misrepresentations, the affidavit would not have established probable cause. *Id.* We uphold a district court's determination that an affiant's misrepresentations were not reckless or intentional unless that finding was clearly erroneous. *United States v. Reid*, 69 F.3d 1109, 1113 (11th Cir. 1995).

To establish probable cause for a search warrant, the supporting affidavit must establish a "fair probability" that evidence of a crime or contraband will be found in a particular place. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). We give great deference to a determination of probable cause by the district court. *United States v. Shabazz*, 887 F.3d 1204, 1214 (11th Cir. 2018). An affidavit supporting a search warrant enjoys a presumption of validity. *Franks*, 438 U.S. at 171.

Here, the district court did not abuse its discretion by denying Duluk's request for a *Franks* hearing because he failed to make an offer of proof that Deputy Calhoun intentionally lied or recklessly disregarded the truth in his affidavit. Duluk's only offer of proof was his investigator's affidavit, which alleged that the official "Notice of Reassignment of Permanent Florida Governmental Agency License Plate" form ("License Plate Form") was identical to the copy found in Duluk's car. However, this affidavit failed to show how, or even allege that, Deputy Calhoun intentionally lied

or recklessly disregarded the truth in his affidavit in support of the search warrant.

Even if Duluk had made a sufficient offer of proof, the district court did not err by finding that he failed to meet his burden of showing that the challenged statements were material to the finding of probable cause. Without the allegedly false statements concerning the License Plate Form, the ten-page affidavit sufficiently established a fair probability that evidence of impersonating law enforcement and possessing an illegal license plate would be found on the thumb drive.

## II.

We review for abuse of discretion the substantive reasonableness of a district court's sentence. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). In doing so, we consider the totality of the circumstances and the § 3553(a) factors. *Id.* at 936. The party challenging the sentence must show that the sentence is unreasonable considering the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The district court abuses its discretion if it "fails to afford consideration to relevant factors that were due significant weight." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). The district court is required to impose only a reasonable sentence, not the most appropriate one. *Id.* at 1191.

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the sentencing

factors listed in 18 U.S.C. § 3553(a), including the history and characteristics of the defendant and the need to avoid unwarranted sentence disparities. Nevertheless, a district court need not address every factor; rather, simply acknowledging that it considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021). The weight given to any § 3553(a) factor is left to the sound discretion of the district court, and we will not substitute our own judgment by re-weighing the factors. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). We will vacate the defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936 (quotation marks omitted).

A United States Sentencing Commission report described the U.S.S.G. § 2G2.2 enhancements as "outdated and disproportionate." *United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014) (quotation marks omitted). However, this report did not invalidate § 2G2.2 or alter "the district court's sentencing duties or discretion in any way." *Id.* at 900.

Here, we conclude that the district court did not impose a substantively unreasonable sentence. First, the district court acknowledged Duluk's policy disagreements with the § 2G2.2 enhancements but ultimately found that the enhancements were appropriately scored. Second, Duluk's character evidence and the

need to avoid unwarranted sentence disparities were only a couple factors that the district court had broad discretion to weigh, and it did not abuse that discretion by acknowledging Duluk's arguments and choosing to give other factors more weight. Accordingly, for the reasons discussed above, we affirm Duluk's conviction and 84-month sentence.

**AFFIRMED.**