[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13714

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY MONROE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:09-cr-60063-WPD-2

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Corey Monroe appeals his six-month sentence imposed upon the revocation of supervised release, arguing that his sentence is substantively unreasonable because the district court focused solely on his drug use when imposing his sentence. After review,[1] we affirm.

When examining the substantive reasonableness of a sentence, we consider the totality of the circumstances and the § 3553(a) factors.[2] *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). The district court abuses its discretion if it: "(1) fails to

---

[1] We review for abuse of discretion the reasonableness of a district court's sentence. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). We will vacate the defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 936 (quotation marks omitted).

[2] The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, provide just punishment, protect the public from further crimes of the defendant, and to provide the defendant with needed medical care and correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, the guidelines range, and the kinds of sentences available. *Id.* § 3553(a)(1), (3), (4).

afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

The weight given to any § 3553(a) factor is left to the sound discretion of the district court, and we will not substitute our own judgment by reweighing these factors. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). While the unjustified reliance on a single factor may be a symptom of an unreasonable sentence, the district court may attach great weight to a single factor. *Id.*; *see also Gall v. United States*, 552 U.S. 38, 57 (2007) (explaining the district court "quite reasonably attached great weight to the fact that Gall voluntarily withdrew from the conspiracy"). We held a sentence was substantively unreasonable where the district court focused "virtually exclusively" on one factor and nearly abandoned consideration of other relevant factors. *United States v. McQueen*, 727 F.3d 1144, 1161 (11th Cir. 2013).

Monroe failed to show his sentence is unreasonable because the district court did not focus solely on his drug use when sentencing him. *See Trailer*, 827 F.3d at 935; *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (stating the party challenging the sentence must show that it is unreasonable considering the record and the § 3553(a) factors). Before sentencing Monroe, the district court listed other factors it had considered, including that Monroe had complied with supervised release for the prior three years, was

employed during that time, and admitted to the violation. The district court noted many of these factors were mitigating, and it ultimately varied below Monroe's guidelines range. The district court was permitted to place great weight on Monroe's drug use, and it did not abandon the consideration of other relevant factors. *See Gall*, 552 U.S. at 57; *McQueen*, 727 F.3d at 1161; *Kuhlman*, 711 F.3d at 1327.

**AFFIRMED.**