[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11971

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY'TAVIOUS SHAQUILLE SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cr-00029-AW-GRJ-1

_____

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Troy'Tavious Scott appeals his concurrent sentences of 108 months' imprisonment for two counts of felony possession of a firearm and one count of possession of an unregistered firearm. Scott contends his sentence was procedurally unreasonable because the court varied upward based on the incorrect conclusion that the Guidelines did not account for his conduct encompassing multiple incidents of possession. Scott also asserts his sentence was both procedurally and substantively unreasonable because the court declined to reduce his sentence on the basis that he faced pending state charges for the same offense conduct. After review,[1] we affirm Scott's sentence.

## I. DISCUSSION

A sentence is procedurally unreasonable if the district court miscalculates the advisory Guidelines range, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain

---

[1] "Regardless of whether the sentence imposed is inside or outside the Guidelines range, [we] review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing it is unreasonable based on the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

the chosen sentence. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). A sentence is substantively unreasonable if the court: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

The § 3553(a) factors include the nature and circumstances of the offense and characteristics of the defendant; the kinds of sentences available; the Guidelines sentencing range; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public; and the need to avoid unwarranted sentence disparities among similarly situated defendants. 18 U.S.C. § 3553(a). We will only vacate the defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936 (quotation marks omitted). "[A] district court commits a clear error of judgment when it considers the proper factors, but balances them unreasonably." *Irey*, 612 F.3d at 1189.

Although Scott characterizes the court's consideration of his multiple possessions as a procedural error and its failure to consider his pending state prosecutions as both procedural and substantive error, both arguments are better characterized as sub-

stantive reasonableness challenges. Scott's argument the district court erred by considering that his charges stemmed from multiple independent incidents of unlawful possession is best understood as a substantive reasonableness challenge that the court gave weight to an improper or irrelevant factor or a challenge to the way the court weighed the § 3553(a) factors. *See Irey*, 612 F.3d at 1189. Likewise, his argument the district court should have considered the potential sentences from his pending state charges based on the same offense conduct is best understood as a substantive reasonableness challenge that the court failed to consider a relevant factor due significant weight. *See id.*

A. *Multiple Incidents of Possession*

The district court did not err in imposing an upward variance on the basis of Scott's multiple intervening incidents of possession. The court was correct that Scott's second arrest was not fully accounted for in Scott's Guidelines range. The base offense level was determined by the sawed-off shotgun found during Scott's first arrest and was not impacted by his second arrest. Because Scott had three guns during his first arrest, he was in the range for three to seven firearms to warrant an enhancement based on that arrest alone, and the additional firearm possessed during the second arrest did not result in an additional enhancement. *See* U.S.S.G. § 2K2.1(b)(1)(A). The second arrest impacted his offense level only by adding a two-level enhancement because the gun possessed during that arrest was stolen. *See id.* § 2K2.1(b)(4)(A). However, the district court was correct in not-

ing the second arrest was not otherwise accounted for in Scott's offense level. And Scott's offense level and criminal history category did not account for the fact the second possession occurred while he was on bond for the first offense. Moreover, even if Scott were correct that his multiple incidents of firearm possession were already accounted for in the Guidelines range, the district court was permitted to vary upward based on facts already considered in the Guidelines. *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (stating even if a particular factor is already accounted for by the Guidelines, district courts maintain discretion to use this factor to justify a variance).

Scott infers from the fact the Guidelines categorize unlawful possession charges based on the total number of guns, rather than the total incidents of possessions, that the district court contravened sentencing policy by considering he had multiple intervening possessions. Even if Scott's inference were correct, the Guidelines are advisory, and there is no limitation on the scope of information regarding a defendant's conduct a court may consider at sentencing. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (holding the Sentencing Guidelines are advisory); 18 U.S.C. § 3661 (providing there is no limitation on the information concerning a defendant's background, character, and conduct that a court may receive and consider for the purpose of imposing an appropriate sentence).

Moreover, the multiple intervening incidents was only one of several factors the court considered in imposing an upward var-

iance.  The court mentioned Scott's extensive criminal history for his age, which included domestic violence offenses, his flight from law enforcement, his discarding a loaded gun around bystanders, and his history of performing poorly on supervision.  Thus, in addition to being a proper factor for consideration, Scott's multiple intervening incidents of possession was only one of several factors noted by the district court in varying upward.

## B.  State Sentence

Section 5G1.3 states a court "shall" adjust federal sentences if the defendant has served a term of imprisonment that will not be credited to the defendant's federal sentence by the Bureau of Prisons.  U.S.S.G. § 5G1.3(b).  The section also states that federal sentences based on the same conduct underlying state charges "shall" be imposed to run concurrently with the anticipated state sentence.  *Id.* § 5G1.3(c).  We have clarified that § 5G1.3, like the rest of the Guidelines, is not mandatory.  *United States v. Henry*, 1 F.4th 1315, 1326 (11th Cir. 2021).  Courts must consider § 5G1.3 but have no obligation to impose a sentence consistent with its directive.  *Id.*

The district court did not err by declining to consider Scott was subject to state court sentencing for charges based on the same conduct underlying his federal charges as a mitigating factor.  First, the court addressed Scott's state proceedings when it recommended his federal sentences run concurrently with any sentences the state court imposed.  This recommendation was consistent with the policy statement regarding federal sentences

where there is an anticipated state sentence based on state charges resulting from the same conduct.  U.S.S.G. § 5G1.3(c).  Scott references parts of § 5G1.3 that he asserts permit a court to impose a downward variance in consideration of anticipated state sentences.  However, these sections concern *undischarged* state terms of imprisonment where the district court knows the state sentence, which are readily distinguishable from *anticipated* state terms of imprisonment where the district court does not yet know the state sentence.

Moreover, it is unclear how the district court should have weighed Scott's state sentence as a mitigating factor without knowing what, if any, state sentence will be imposed.  The state court could have imposed a lengthy sentence that could justify a lesser federal sentence, or, seeing Scott's 108-month federal sentence, the state court could have imposed a more lenient sentence, imposed its sentence to run concurrently, or decided not to sentence him to a term of imprisonment at all.  Or the state prosecution could have chosen to drop the charges after Scott received his federal sentence.  Given these possibilities, it would be difficult for the federal court to consider how to factor the anticipated state sentence into the federal sentence.  While Scott argues courts often engage in speculative predictions about future events, this does not change the fact the state court, which will sentence Scott with full knowledge of his existing federal sentence, was in a better position to take the second sentence into account during its sentencing proceedings, rather than the other

way around. Scott likewise references § 3553(a)'s requirement sentences be "sufficient, but not greater than necessary" to serve the purposes of sentencing but fails to explain why this broad statement of policy compels a downward reduction in anticipation of future state court sentences.

Scott also cites no authority requiring the district court to acknowledge its discretion to lower Scott's sentence based on his pending state proceedings. And the failure to discuss one specific mitigating factor does not show the court ignored or failed to consider this evidence, nor does the failure to mention specific factors compel the conclusion the sentence was substantively unreasonable. *See Irey*, 612 F.3d at 1189. Indeed, the district court explained its reasoning for Scott's sentence at length. It discussed the nature and circumstances of the offense, noting the recklessness of leaving a loaded gun in a populated area, Scott's attempt to flee the scene, and Scott's personal characteristics, describing his extensive and varied criminal record. 18 U.S.C. § 3553(a)(1). It pointed out the need for specific and general deterrence, especially given Scott's criminal history and numerous gun-related priors. 18 U.S.C. § 3553(a)(2)(B). The district court likewise referenced public safety. 18 U.S.C. § 3553(a)(2)(C). It also identified numerous other mitigating factors, including Scott's troubled upbringing and extensive network of family support.

## II. CONCLUSION

The district court did not abuse its discretion in varying upward based on the fact that Scott possessed firearms in multiple

21-11971               Opinion of the Court               9

instances or by not considering as a mitigating factor that he might receive a state sentence based on charges stemming from the same offense conduct.  We affirm his sentence.

**AFFIRMED.**