[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12631

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERNESTO PEREZ-PINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cr-14020-AMC-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Ernesto Perez-Pina, a Mexican citizen, appeals following his conviction and 18-month sentence for one count of unlawful reentry of a previously removed alien.  He had previously been removed from the United States four times and had been charged and convicted with misdemeanor improper entry by an alien three times.

On appeal, Perez-Pina challenges his above-guideline-range sentence two ways.  Procedurally, he asserts that the district court offered an insufficient explanation for its upward variance.  Substantively, he contends that the district court put unreasonable weight on his prior reentry offenses and that a within-guideline-range sentence would have satisfied the 18 U.S.C. § 3553(a) factors because the guideline calculations already accounted for those offenses.

We review a sentence imposed after a variance under a deferential abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

"To be upheld on appeal, a sentence must be both procedurally and substantively reasonable."  *United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020).  Procedural errors include failing to calculate (or improperly calculating) the guideline range, treating the guidelines as mandatory, failing to consider the § 3553(a)

factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the guideline range. *See United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016) (per curiam).

The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a). The weight due each § 3553(a) factor lies within the district court's sound discretion, and we will not substitute our judgment for that of the district court. *United States v. Joseph*, 978 F.3d 1251, 1266 (11th Cir. 2020). However, a district court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Kuhlman*, 711 F.3d 1321, 1326–27 (11th Cir. 2013). Nevertheless, a district court may reasonably attach great weight to a single factor. *Id.* at 1327.

Upward variances are imposed based upon the § 3553(a) factors. *See, e.g.*, *United States v. Overstreet*, 713 F.3d 627, 637–38 (11th Cir. 2013). A major variance requires a more significant justification than a minor variance—the requirement is that the justification be "sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc) (quoting *Gall*, 552 U.S. at 50). The appellate courts may consider the extent of the variance but must give due deference to the district court's decision that the § 3553(a) factors justify the extent of the variance. *Gall*, 552 U.S. at 51. While a sufficiently compelling justification for the variance must exist, the district court does not have to provide an extraordinary justification for the variance. *Id.* at 47.

Perez-Pina claims that the district court's explanation for the upward variance—the need for deterrence and Perez-Pina's repeated reentry offenses[1]—was insufficient. Perez-Pina seems to argue that because these offenses were *already* incorporated into the guidelines, they cannot serve as the basis for a variance. But our precedents say otherwise: The district court may impose a

---

[1] In the district court's words: "I would note in addition, those prior convictions, they escalated in punishment from 30 days to 60 days and then to 120 days; again, the message obviously wasn't sufficient to deter more illegal reentries as indicated in the PSI. So for those reasons, in light of the need to promote the respect for the law, to provide just punishment, and to specifically deter this defendant from continuing to violate the law, the Court believes under the 3553(a) factors that an upward variance is warranted and quite reasonable in this case, based on a review of the full record." Doc. 46 at 10–11.

variance if it concludes that the guideline range—which incorporates the defendant's criminal history—was insufficient in light of that same criminal history. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009); *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016); *see also Overstreet*, 713 F.3d at 639 ("[A] district court can rely on factors in imposing a variance that it had already considered in imposing [a guideline] enhancement." (alteration in original)). We have explicitly stated that "[d]istrict courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015).

Substantively, the district court did not abuse its discretion by putting weight on Perez-Pina's criminal history due to his multiple reentry offenses and his repeated prior reentries. 18 U.S.C. § 3553(a)(1); *Overstreet*, 713 F.3d at 637–38. Similarly, it reasonably concluded that his record of continuing to reoffend, even with increasing punishment, meant that a within-range sentence would not adequately deter more illegal reentries, promote respect for the law, or provide just punishment. *See Sanchez*, 586 F.3d at 936. Further, district courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed. *See Rosales Bruno*, 789 F.3d at 1261. Additionally, even if this Court would consider a different sentence to be more appropriate, it still will not set aside a sentence selected by the district court absent unreasonableness. *See Irey*, 612 F.3d at 1191. Finally, Perez-Pina's 18-month sentence is below the two-year or 24-month statutory

6                        Opinion of the Court                    22-12631

maximum, which also indicates reasonableness. *See United States v. Baldwin*, 774 F.3d 711, 732 (11th Cir. 2014). Therefore, we affirm.

**AFFIRMED.**