[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-13799

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TYQUAN WILLIAMS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:22-cr-00031-TES-CHW-1

————————————————

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Defendant-Appellant Tyquan Williams appeals his sentence of sixty-months' imprisonment, which was a forty-eight-month, or four hundred percent, upward variance from the guideline term of six to twelve months, after he pleaded guilty to possession with intent to distribute marijuana. On appeal, Williams argues that his sentence is substantively unreasonable because the district court placed undue weight on his criminal history and created an unwarranted disparity between his sentence and that of similarly situated defendants. We do not find the sentence substantively unreasonable and, therefore, affirm.

I.

On April 22, 2021, Williams was a passenger in a vehicle that law enforcement pulled over for traffic infractions. A subsequent search of the vehicle revealed seven bags of marijuana, on the front passenger floorboard and a stolen gun under the front passenger seat. A grand jury in the Middle District of Georgia initially indicted Williams on a single count of possessing a firearm. Subsequently, a superseding information was filed, charging Williams with possession of less than fifty kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(D). Williams then pleaded guilty to the superseding information.

Probation determined a guidelines sentencing range of six to twelve months. The statutory maximum penalty for a violation of

21 U.S.C. § 841(b)(1)(D) was sixty months' imprisonment. [1] Williams requested a sentence in the two-to-eight-month guideline range.

The district court sentenced Williams to sixty months imprisonment. The court varied upward from the calculated guidelines range of six to twelve months because it believed "the advisory guidelines range [was] insufficient to achieve the sentencing factors of adequately reflecting [Williams'] history and characteristics, promoting respect for the law, affording adequate deterrence to criminal conduct, and protecting the public from further crimes." Specifically, the court looked at Williams' Guidelines range in relation to his criminal history and found that it was insufficient, stating,

> That the idea that you can have three or four armed robberies, a kidnapping, a shooting, then this drug trouble in Columbia and all this stuff, and 6 to 12 months be the guideline range is laughable. It is laughable. It is extraordinarily inappropriate for this case. There is no way that's the right thing to do in this case.

The court also noted that Williams failed to reform after already having served time in prison, stating, "[y]ou have already served

---

[1] While Williams was on pretrial supervision in this case, he was charged in North Carolina with attempted first-degree murder, assault with a deadly weapon, discharge of a weapon into occupied property, and possession of a firearm by a convicted felon for discharging a 9-millimeter handgun into an occupied apartment building.

four years in the South Carolina Penitentiary. That did not do the trick. That did not help. So, that tells me that that's not enough. That's not the right answer." Based on that reasoning, the district court imposed a sentence of sixty months. Williams timely appealed.

## II.

When reviewing a sentence for substantive reasonableness, we use a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quotation marks omitted). We can also consider the "totality of the circumstances." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (per curiam). A district court when making an upward variance "must have a justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012).

But we will only vacate the defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1189–90 (quotation marks omitted). The party challenging the

sentence bears the burden to show that it is unreasonable based on the § 3553(a) factors and the facts of the case. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must craft a sentence that will "(1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment, (4) afford adequate deterrence, (5) protect the public from further crimes of the defendant, and (6) provide the defendant with any needed training and treatment in the most effective manner." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1253–54 (11th Cir. 2015) (internal quotation marks omitted); 18 U.S.C. § 3553(a)(2)(A)-(D). The district court may consider various factors in imposing a sentence, including the nature of the offense, the defendant's history, the kinds of sentences available, the advisory guidelines range, policy statements, restitution, and avoiding unwarranted sentencing disparities. *Rosales-Bruno*, 789 F.3d at 1254; 18 U.S.C. § 3553(a)(1), (3)-(7).

The advisory guidelines range is one of the § 3553(a) factors, but the district court need not give any specific weight to the guideline range. *Rosales-Bruno*, 789 F.3d at 1254. In considering the § 3553(a) factors at sentencing, the district court may attach greater weight to one factor over others. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam). The weight given to any one factor is "committed to the sound discretion of the district court." *Id.* (quotation mark omitted). The court may be justified in putting more weight on the defendant's criminal history when it finds that the guideline range does not adequately reflect the

severity or nature of the defendant's criminal record. *See Early*, 686 F.3d at 1221–22.

## III.

Here, the district court's sentence was substantively reasonable. The district court imposed a variance based on the § 3553(a) factors, including the history and characteristics of the defendant, to reflect the seriousness of the offense, promote respect for the law, impose just punishment for the offense, afford adequate deterrence, and protect the public. *See Rosales-Bruno*, 789 F.3d at 1253–54. The court specifically reasoned that Williams had not successfully separated himself from criminal conduct. Furthermore, the court did not find the Guidelines range sufficient or appropriate to deter Williams from additional criminal conduct.

Additionally, the court apportioned adequate weight to Williams' criminal record and did not create an unwarranted disparity between him and other similarly situated defendants. *See, e.g.*, *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (holding that, based heavily on the defendant's criminal record, a sentence of 120 months, the statutory maximum, an upward variance from the guideline range of 30-to-37 months, was substantively reasonable); *United States v. Overstreet*, 713 F.3d 627, 639 (11th Cir. 2013) (holding that the sentence imposed of 420 months for a conviction of being a felon in possession of a firearm, which was 210 months above the guideline range of 180 to 210 months, was reasonable). Accordingly, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in

23-13799              Opinion of the Court                    7

weighing the § 3553(a) factors." *Irey*, 612 F.3d at 1190. The district court, therefore, did not abuse its discretion.

**AFFIRMED.**