[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12455

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEPHEN GORDON GRIMES, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00427-SCJ-CMS-1

————————————————

_____

No. 24-12258

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

STEPHEN GORDON GRIMES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00427-SCJ-CMS-1

_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Grimes is a sick man. While in his mid-forties, he repeatedly traveled to the Philippines, where he filmed himself raping and otherwise sexually abusing girls between five and

thirteen years old.  All in all, Grimes recorded at least 340 videos and captured 650 images of child pornography.  On top of that, he possessed another 3,854 images and 183 videos of child pornography.  In 2020, Customs and Border Protection Officers at the Atlanta airport found child pornography on Grimes's cell phone.  This triggered a forensic examination of his hard drive, which contained his homemade collection of photos and videos.

Grimes was arrested and indicted for producing, attempting to transport, and possessing child pornography.  The district court denied Grimes's motion to suppress the evidence obtained from the airport search, and Grimes proceeded to trial.  After a jury found him guilty on all counts, he was sentenced to fifty years' imprisonment and ordered to pay $55,000 in restitution.  Grimes now challenges the denial of his motion to suppress, the substantive reasonableness of his sentence, and the restitution award.  Finding no error, we affirm.

**I.**

From 2016 to 2018, Stephen Grimes made frequent trips to the Philippines to have sex with girls between five and thirteen years old.  He recorded these molestations on his GoPro camera. While returning to the United States from South Korea in 2020, Grimes's passport triggered a "lookout" for child sexual exploitation material.  The "lookout" had been placed in response to a tip submitted to the National Center for Missing and Exploited Children, identifying Grimes as an individual with a possible

connection to child pornography because he "sent small amounts of money to the Philippines on a regular basis."

The Customs and Border Protection officer processing Grimes referred him to secondary inspection. During that inspection, an officer discovered child pornography on one of Grimes's cell phones. Customs officers confiscated Grimes's electronic devices, which included a GoPro camera, five hard drives, three cell phones, two flash drives, and one laptop. A search of these devices unearthed 650 images and 340 videos of child pornography produced by Grimes. The videos showed his sexual encounters with young girls. In different parts of one video, Grimes was "penetrating one girl's vagina," a second naked girl was "performing oral sex" on him, and a third naked girl was "masturbating" him. In another, Grimes tapped "his belly that signaled an eight-year-old girl to sit on his lap and then he inserted his penis into her vagina." The devices also contained 3,854 images and 183 videos of child pornography downloaded from the internet.

Grimes was indicted for producing, attempting to transport, and possessing child pornography. After the district court denied his motion to suppress evidence from the search of his electronic devices at the border, he proceeded to trial, and a jury found him guilty on all counts. Grimes's offense level and criminal history yielded a Guidelines range of life imprisonment, and the district court imposed a sentence of fifty years. It also ordered him to pay $55,000 in restitution.

23-12455                 Opinion of the Court                        5

## II.

We review a denial of a motion to suppress under a mixed standard of review, reviewing factual findings for clear error and legal conclusions de novo. *United States v. Whyte*, 928 F.3d 1317, 1327 (11th Cir. 2019). We review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). And we review the legality of a restitution order de novo. *United States v. Grady*, 18 F.4th 1275, 1289 (11th Cir. 2021).

## III.

Grimes raises three issues on appeal. None are meritorious. *First*, Grimes argues that the district court erred in denying his motion to suppress. Not so. Even if we assume that the Customs officers lacked reasonable suspicion to search Grimes's electronic devices, the search was proper. That's because the Fourth Amendment does not require reasonable suspicion to justify forensic searches of electronic devices at the border. *See United States v. Touset*, 890 F.3d 1227, 1229 (11th Cir. 2018).[1]

*Second*, Grimes challenges his sentence as substantively unreasonable. This Court will not consider a sentence substantively unreasonable unless it is "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors." *United States*

---

[1] Grimes concedes that this Court's precedent forecloses this argument and raises the issue only to preserve it for en banc and Supreme Court review.

*v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (alteration adopted and quotation omitted). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Courts must also consider the need for the sentence "'to reflect the seriousness of the offense, to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" *Riley*, 995 F.3d at 1278–79 (quoting 18 U.S.C. § 3553(a)(2)).

The district court did not abuse its discretion in imposing its sentence. It looked at "all of the 3553(a) factors" and determined that the heinous nature of Grimes's crimes and the need to protect the public supported a fifty-year sentence. And although Grimes argues that the district court placed too much weight on the seriousness of the offense—and not enough weight on his personal history and characteristics—courts have broad discretion in weighing the § 3553(a) factors. *Id.* at 1279.

*Finally*, Grimes contends that the district court violated his due process rights "by ordering restitution for victims which the government failed to provide notice of until post-sentencing." Restitution in child pornography cases is mandatory and is issued in accordance with the procedures of the Mandatory Victim Restitution Act. *See* 18 U.S.C. § 2259(a), (b)(3), (b)(4)(A). The Act requires the government to notify the probation officer of the restitution amounts of all identified victims sixty days before sentencing. *Id.* § 3664(d)(1). "If the victim's losses are not

ascertainable" ten days before sentencing, the government or the probation officer must notify the court, and the court must set a restitution hearing no more than ninety days after sentencing. *Id.* § 3664(d)(5). But missing these deadlines does not necessarily "deprive the court of the power to order restitution." *Dolan v. United States*, 560 U.S. 605, 611 (2010). That's because "the statute seeks primarily to ensure that victims of a crime receive full restitution." *Id.* at 612. In *Dolan v. United States*, the Supreme Court upheld an order of restitution entered 269 days after the defendant's sentencing hearing when "the sentencing court made clear prior to the [90-day] deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Id.* at 608.

Before sentencing, the government identified six victims entitled to restitution. At the sentencing hearing, Grimes asked the district court to defer its restitution ruling so that he could negotiate the restitution amount with the victims' attorneys. Prior to the scheduled restitution hearing, the government realized that it had failed to provide notice of restitution requests from eleven additional victims. It told the court, which ordered the parties to brief whether the court could consider the additional requests. After briefing, the district court determined that it could.

The district court did not violate Grimes's due process rights. The "defendant's primary due process interest at sentencing is the right not to be sentenced on the basis of invalid premises or inaccurate information." *United States v. Plasencia*, 886 F.3d 1336,

1343 (11th Cir. 2018) (quotation omitted).  As a result, "the degree of due process protection required at sentencing is only that which is necessary to ensure that the district court is sufficiently informed to enable it to exercise its sentencing discretion in an enlightened manner." *Id.* (quotation omitted).  At trial, the evidence submitted by the government included depictions of the eleven victims.  This put Grimes on notice that he might owe them restitution.  And because evidence of these victims was properly admitted at trial, the order to pay them restitution was not the result of "invalid premises or inaccurate information." *See id.*  Plus, the district court took care to ensure that it was "sufficiently informed." *See id.*  Once the government came forward with the eleven victims, the district court ordered additional briefing before ordering restitution.

⋆    ⋆    ⋆

We **AFFIRM** Grimes's convictions, sentence, and restitution order.