[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11983

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MELVIN CASTELLANOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00348-TWT-JKL-1

_____

Before NEWSOM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Melvin Castellanos appeals his below-guidelines sentence of 540 months' imprisonment, followed by a lifetime term of supervised release, for two convictions: one count of production of child pornography and one count of enticement of a minor. Castellanos argues that his sentence was substantively unreasonable because the district court incorrectly weighed the 18 U.S.C. § 3553(a) factors. In particular, Castellanos argues that the district court failed to consider four relevant mitigating factors: his difficult childhood, his need for mental health treatment, his lack of education, and his problems with alcohol. Because we disagree, we **AFFIRM** the sentence imposed by the district court.[1]

We look to whether a sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc) (quotation marks omitted). A district court abuses its discretion and imposes a substantively unreasonable sentence when it (1)

---

[1] When reviewing a sentence for substantive reasonableness, we apply a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Under the abuse-of-discretion standard, we will only vacate the defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation and quotation marks omitted).

fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1189. The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). Although there is no automatic presumption that a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable. *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018) (citations omitted).

The district court must impose a sentence that is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The § 3553(a) factors that the district court must consider include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(D). Although the district court must consider the § 3553(a) factors, it need not state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors, and instead should set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making

4                    Opinion of the Court                    24-11983

its decision. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

Castellanos argues that the court did not consider relevant mitigation factors, including his difficult childhood, his need for mental health treatment, lack of education, and alcohol problems. But the record shows that the district court *did* consider mitigating factors during Castellanos's sentencing. First, the court heard testimony from both parties related to Castellanos's troubled childhood, family history, cultural background, and mental health problems. Second, the district court stated on the record that it considered the mitigating evidence in Castellanos's favor. Finally, it is reasonable that the district court was unmoved by this mitigating evidence in light of its conclusion that Castellanos's case was "the worst case of sex abuse of a minor that [it] ha[d] seen or that [it] could have even imagined." Sentencing Hr'g, at 47:18–47:19, Doc. 156. Accordingly, we are left without a definite and firm conviction that the court abused its discretion in imposing a 540-month below-guideline sentence. *Irey*, 612 F.3d at 1190.

Because we hold that Castellanos's below-guideline sentence was substantively reasonable, we affirm the district court's sentence.

**AFFIRMED.**