**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13180

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TIMOTHY FREDERICK MURPHY-JOHNSON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:23-cr-00020-AW-MAL-1

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Timothy Murphy-Johnson appeals the substantive reasonableness of his life sentence for one count of interstate transportation of a minor to engage in sexual activity, one count of conspiracy

to produce child pornography, and two counts of production of child pornography.  Murphy-Johnson's sole argument is that his sentence is substantively unreasonable because the district count abused its discretion when it failed to give sufficient weight to mitigating factors under 18 U.S.C. § 3553(a).  After careful review, we affirm the sentence imposed by the district court.

## I.

In early June 2023, Timothy Murphy-Johnson coaxed a 16-year-old girl he met on the internet to cross multiple state lines to come to his home in Gainesville, Florida, where he then imprisoned, raped, and tortured her for six weeks before she was rescued by authorities.  For weeks, the victim was repeatedly sexually abused by both Murphy-Johnson and his sexual partner, Olivia Henn.  The minor victim was drugged, beaten with fists, cut with a knife, and subjected to countless other unspeakable abuses.  Murphy-Johnson and Henn filmed their abuse of the victim and transmitted sexually explicit images and videos of the victim online.  On June 28, 2023, neighbors heard a young female screaming for help and called the police.  When deputies arrived, Murphy-Johnson refused to allow them into his home.  But he called Henn, who posed as the female who had screamed for help, and the two of them concocted a story about a "psychiatric episode" in order to dupe the authorities.  The victim was not rescued for another month.

Finally, on July 25, 2023, law enforcement executed a search warrant at Murphy-Johnson's residence, where the victim was found and Murphy-Johnson was arrested.  The victim, who

appeared thin and sleep-deprived and had visible ligature marks on both her wrists and ankles, told police that she had met Murphy-Johnson online, and that he had promised her a "new life" with him.  She reported that Murphy-Johnson paid someone $700 to pick her up in Corpus Christi, Texas, and to transport her to Alachua County, Florida.  The victim was taken to a hospital upon being rescued but has continued to suffer serious physical and psychological damage stemming from the weeks of abuse she endured.

Murphy-Johnson was indicted in October 2023 and charged with interstate transportation of a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. §§ 2423(a), 2 (Count One); conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251(a),(e) (Count Two); and four counts of production of child pornography, in violation of 18 U.S.C. § 2251(a),(e) (Counts Three through Six).  The defendant pleaded guilty to Counts One, Two, Four, and Five, and the government dismissed Counts Three and Six.  At sentencing, the district court imposed a life sentence.  Murphy-Johnson now appeals his sentence on the ground that it was substantively unreasonable in light of his "lack of criminal history, mental health struggles, and supportive family."

## II.

When reviewing for substantive reasonableness, we consider the totality of the circumstances and whether the sentence achieves the statutory sentencing purposes stated in 18 U.S.C.

§ 3553(a) under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2), including the need to reflect the seriousness of the offense, promote the respect for the law, provide punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range and any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We will not substitute our own judgment for that of the sentencing court and will sometimes affirm the district court even if we would have done something differently, because the question is whether the district court's decision was "in the ballpark of permissible outcomes." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (quotation marks omitted). The district court does not have to give all the factors equal weight and has discretion to attach great weight to one factor over another. *Id.* at 1254. The district court is not required to state on the record that it has explicitly considered each § 3553(a) factor or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). An acknowledgement by the district court that it

considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). We will vacate a defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (quotation marks omitted).

The district court is deemed to have abused its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). Although we do not automatically presume that a sentence within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, we conclude that the district court did not abuse its discretion in imposing a life sentence. First, the district court properly considered "all of the [§] 3553(a) factors," including mitigating factors, such as the fact that Murphy-Johnson has "mental health issues" and "no meaningful criminal history." However, the district court concluded that a life sentence was appropriate and necessary in light of the "extraordinarily heinous" nature of the crime and the "utter depravity of [the defendant's] acts" against the

vulnerable minor victim. What's more, the defendant videotaped his abuse of the victim, encouraged his co-defendant to also abuse the victim, transmitted images of the abuse to social platforms online, and "lied to police officers who were in a position to rescue [the victim] and save her," prolonging the victim's suffering. The court considered all of these facts in devising a sentence that would be sufficient to account for the seriousness of the defendant's conduct.

Additionally, the district court determined that a life sentence was necessary to "protect the public," as the evidence "demonstrated that [Murphy-Johnson] is a very dangerous person who can cause significant harms to the community and to other people." Finally, the court considered both general and specific deterrence, noting that a lesser sentence would be inadequate to deter future abuse.

Based on our independent review of the record, we conclude that the district court carefully considered the § 3553(a) factors (as well as the presentence investigation report, letters of support for the defendant, and a psychological evaluation), weighed those factors without making a clear error of judgment, and provided sufficient justification for the sentence imposed. Therefore, we conclude that the sentence imposed by the district court was substantively reasonable and did not constitute an abuse of discretion. We thus affirm Murphy-Johnson's sentence.

**AFFIRMED.**