**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12789

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GEARY DARNELL HILL,
a.k.a. Gary Hill,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:06-cr-00286-JB-C-1

_____

Before NEWSOM, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Geary Hill appeals his 24-month revocation sentence imposed after violating the terms of his supervised release ordered as

part of a 2007 drug conviction.  He argues on appeal that his revocation sentence is substantively unreasonable because the district court relied on the sentencing factor in 18 U.S.C. § 3553(a)(2)(A), in violation of *Esteras v. United States*, 606 U.S. 185, 195 (2025).  After thorough review, we affirm.

We review the substantive reasonableness of a district court's sentence upon revoking supervised release for abuse of discretion.  *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).  In doing so, "we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the [18 U.S.C.] § 3553(a) factors."  *Id.* at 936.  "The party challenging the sentence bears the burden of showing that it is unreasonable."  *Id.*

A district court imposes a substantively unreasonable sentence, and thus abuses its discretion, when it "(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation modified).  And "[w]e will only vacate a defendant's [revocation] sentence if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Trailer*, 827 F.3d at 936 (citation modified).

Under 18 U.S.C. § 3583(e)(3), a district court may impose a term of incarceration upon revoking a defendant's supervised release.  But before imposing such a term of imprisonment, the district court must consider "the factors set forth in [18 U.S.C. §§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  18 U.S.C. § 3583(e).  These factors require consideration of the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for correctional treatment for the defendant; the guidelines range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.  *Id*. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).  Conspicuously absent from this statutory list is the factor enumerated in § 3553(a)(2)(A) -- "the need for the sentence imposed[] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  *Id*. § 3553(a)(2)(A).

The Supreme Court addressed the significance of that factor's omission from § 3583(e) in *Esteras v. United States*, 606 U.S. 185 (2025).  The Supreme Court held that under the "well-established canon of statutory interpretation[] *expressio unius est exclusio alterius*," "[d]istrict courts cannot consider § 3553(a)(2)(A) when revoking supervised release." *Esteras*, 606 U.S. at 195 (citation omitted).  It reasoned that the "offense" referenced in § 3553(a)(2)(A) refers to the defendant's "underlying crime of conviction."  *Id*. at 193–94.  The word "offense" did not, however, refer to "the violation of the

supervised-release conditions." *Id.* at 194. Notably, the Supreme Court did not decide in *Esteras* whether a district court may consider retribution for a defendant's supervised release violation in imposing a revocation sentence. *See id.* at 193–94, 205 ("Because the majority frames the question as one about retribution for the original offense, it never decides whether the supervised-release statute precludes courts from exacting retribution for the defendant's supervised-release violation.") (Sotomayor, J., concurring).

"At oral argument [in *Esteras*], the [g]overnment expressed concern that it would be difficult for appellate courts to determine whether a district court has impermissibly relied on § 3553(a)(2)(A)." *Id.* at 202. To assuage the government's concerns, the Supreme Court "conclude[d] [its opinion] with a few observations about appellate review." *Id.* It noted that "[i]f the defendant does not make the district court aware that it may be impermissibly relying on § 3553(a)(2)(A), then the defendant's appeal will be governed by plain-error review." *Id.* And under that standard, "the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is 'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A) -- because it did so either expressly or by unmistakable implication." *Id.* at 202–03 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Here, the plain-error standard governs Hill's argument on appeal because he did not "make the district court aware that it may be impermissibly relying on § 3553(a)(2)(A)" at his hearing. *Id.*

at 202.  This means that we must affirm "unless it is 'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A) . . . either expressly or by unmistakable implication." *Esteras*, 606 U.S. at 203 (quoting *Olano*, 507 U.S. at 734).  Hill concedes that the plain error standard applies.

We can find no error, much less plain error because the district court did not rely on the prohibited factor in 18 U.S.C. § 3553(a)(2)(A) "either expressly or by unmistakable implication." *Id*. At the instant revocation hearing, the district court never discussed the facts, nature, or circumstances of Hill's underlying offense from 2007.  At most, the court noted that Hill was convicted of a "Title 21 offense" in referencing Hill's original term of supervised release, but the court never remarked that Hill's offense was particularly serious or heinous and did not discuss the facts of that conviction. To the contrary, the district court emphasized that in fashioning the instant sentence, it was considering his "post-custodial" conduct and was "simply judging [Hill] based on [his] performance during this period of supervision."  The court mentioned Hill's numerous supervised release violations and then concluded that it would not "make sense" to order an additional term of supervised release because it believed Hill would violate the terms again. These considerations constitute Hill's "history and characteristics" and the need to deter Hill from committing future violations -- which are permitted factors under § 3583(e). *See* 18 U.S.C. §§ 3553(a)(1) & (a)(2)(B).

6                        Opinion of the Court                    25-12789

In short, because it is neither "clear" nor "obvious" that the district court relied on the impermissible factor in § 3553(a)(2)(A), we affirm Hill's 24-month revocation sentence.  *Esteras*, 606 U.S. at 203 (quoting *Olano*, 507 U.S. at 734).

**AFFIRMED.**